BESSIE BUTLER, *et al., Plaintiffs in Error,* v. SOUTHERN RAILWAY COMPANY, *Defendant in Error.*

1. In an action for injuries received by the operation of a train of a railroad company, it is in general sufficient to allege ultimate facts showing that the defendant negligently did or omitted the act or acts that proximately caused or contributed to causing the injury as stated, the specific fact that actually caused the injury being duly alleged so that a definite issue may be presented for trial.

2. While a railroad company is not held to as high a degree of care to prevent injury to trespassers as is required by law in the case of passengers, employees and licensees, yet under the statute where injury by the operation of a train of a railroad company is shown, there is liability of the defendant for damages unless the railroad company shall make it appear that it had exercised all ordinary and reasonable care and diligence to avoid the injury. What was ordinary and reasonable care and diligence depends upon all the circumstances of the case. If the injured person was in fact a trespasser, it may be shown in evidence as a factor to be considered in determining the degree of care required of the defendant.

Writ of error to the Circuit Court for Duval County.

STATEMENT.

Charles Butler is alleged to have been killed by a train of the Southern Railway Company, and this action, begun August 26th, 1908, in the Circuit Court for Duval County, is in the name of his minor children by next friend under the statute to recover such damages as they may have sustained by the death of their father. See Section 3145 and 3146 of the General Statutes as amended by Chapter 5648 Acts of 1907.

The declaration is in three counts, as follows:

"First Count. WHEREAS, On or about the 1st day of March, 1909, there was pending in this court a certain action at law wherein Manda Butler, now deceased, sued the defendant, Southern Railway Company, for damages suffered by the said Manda Butler for the killing of her husband, Charles Butler, by the said defendant, in the operation of its trains; that on or about the said 1st day of March 1909, the said Manda Butler departed this life; that the plaintiffs here, viz. Willie Butler and Bessie Butler are the minor children and heirs at law of the said Charles Butler and Manda Butler, that the cause of action hereinafter alleged has survived to these plaintiffs under and by virtue of the laws of the State of Florida.

AND, WHEREAS, on the 27th day of June, A. D. 1908, and for a long time prior thereto, the defendant was a railway company engaged in the transportation of freight and passengers as a common carrier by and with its certain locomotives and cars, and was then and there operating its said trains between Jacksonville, Duval County, Florida, and points out of the State of Florida, and was on the said 27th day of June, A. D. 1908, operating its certain passenger train out of the

City of Jacksonville, Florida, over the track and roadbed of the Jacksonville Terminal Company, and the Atlantic Coast Line Railroad Company, bound for points out of the State of Florida. And the defendant knew, or by the exercise of reasonable diligence should have known, that sundry persons were liable to be upon the said track at the time of, and at or near the place of the happening of the injury hereinafter alleged, and it was the duty of the defendant to operate its said trains at a safe and moderate rate of speed upon and over said track, and to give proper signals of its approach, yet notwithstanding its said duty, the defendant, on the said 27th day of June, A. D. 1908, between the hours of seven and nine P. M. and within the corporate limits of the City of Jacksonville, Duval County, Florida, by and through its certain servants and employees then in charge of the operation of its said train, recklessly ran said train over the said tracks as aforesaid, at a high and dangerous rate of speed and without giving signals or warning of its approach, and the said passenger train, so negligently operated as aforesaid, and by reason of such negligent operation, ran upon and against the father of the plaintiffs, Charles Butler, while the said Charles Butler was upon said tracks, at a point about midway between Enterprise Street and Fairfax Street, and thereby struck down and so wounded, bruised, broke, cut and crushed the said Charles Butler, that then and there he departed this life, killed by the defendant. That by the death of the said Charles Butler, the plaintiffs have been deprived of the care, counsel and support of their said father, to the damages of the plaintiffs in the sum of Ten Thousand Dollars.

WHEREFORE, Plaintiffs bring this their suit, and

7—Vol. 63

claim Ten Thousand. ($10,000.00) Dollars damages from the defendant.

Second Count. And for a second count plaintiffs allege all of the matters alleged in the first paragraph of the first count of this amended declaration, to which reference is prayed, as if fully and specifically set forth herein, and further allege that on the 27th day of June, A. D. 1908, and for a long time prior thereto, the defendant was a railway company engaged in the transportation of freight and passengers as a common carrier by and with its certain railway locomotives and cars, and was then and there operating its said trains between Jacksonville, Duval County, Florida, and points out of the State of Florida, and was on the said 27th day of June, A. D. 1908, operating its certain passenger train out of the City of Jacksonville, Duval County, Florida, over the track and roadbed of the Jacksonville Terminal Company and the Atlantic Coast Line Railroad Company, bound for points out of the State of Florida; that the said tracks so used as aforesaid, by the defendant in the operation of its trains and at and near the place of the happening of the injury and damage hereinafter alleged, was then and has been for a long period of time, to-wit: more than twelve months prior thereto, used as a footpath by the numerous inhabitants of that portion of the City of Jacksonville, of which the deceased Charles Butler was one, and the defendant well knew, or by the exercise of reasonable diligence should have known, that said railway tracks were so used as a footpath, as aforesaid, and it was the duty of the defendant to use reasonable care and caution in the operation of its said trains on and over said tracks so as not to injure any person so using said track as a footpath; yet the defendant, by and through its servants and employees then in charge

of the operation of said train utterly disregarding its duty in such regard, on the said 27th day of June, A. D. 1908, in the State of Florida, and County of Duval, and within the corporate limits of the City of Jacksonville, between the hours of seven and nine P. M. wantonly and recklessly ran its certain passenger train over the said tracks at a high and dangerous rate of speed and without giving warning or signals of its approach, and the said train so negligently operated as aforesaid, and by reason of such negligent operation, ran upon and against the father of the plaintiffs, Charles Butler, while the said Charles Butler was walking upon and along the said track, at a point about midway between Enterprise Street and Fairfax Street, and thereby struck down and so wounded, bruised, broke, cut and crushed the said Charles Butler, that then and there he departed his life, killed by the defendant. That by the death of the said Charles Butler, the plaintiffs have been deprived of the care, counsel and support of their said father to the damage of the plaintiffs in the sum of Ten Thousand Dollars.

WHEREFORE, Plaintiffs bring this their suit, and claim Ten Thousand ($10,000.00) Dollars, damages from the defendant.

Third Count. And for a third count, plaintiffs allege all of the matters alleged in the first paragraph of the first count of this amended declaration, to which reference is prayed as if fully and specifically set forth herein, and further allege that on the 27th day of June, A. D. 1908, and for a long time prior thereto, the defendant was a railway company engaged in the transportation of freight and passengers as a common carrier by and with its certain railway locomotives and cars, and was then and there operating its said trains between Jack-

sonville, Duval County, Florida, and points out of the State of Florida, and was on the said 27th day of June, A. D. 1908, operating its certain passenger train out of the City of Jacksonville, Duval County, Florida, over the track and roadbed of the Jacksonville Terminal Company and the Atlantic Coast Line Railroad Company bound for points out of the State of Florida. That the said tracks so used by the defendant in the operation of its trains, and at and near the happening of the injury and damage hereinafter alleged, was then and had been for a long period of time, to-wit: more than twelve months prior thereto, used as a footpath by the numerous inhabitants of that portion of the City of Jacksonville, of which the deceased Charles Butler was one, and the defendant well knew, or by the exercise of reasonable diligence should have known, that said railway tracks were so used as a footpath as aforesaid, and it was the duty of the defendant to use reasonable care in the operation of its trains on and over the said tracks so as not to injure any person so using said track as a footpath, yet the defendant, by and through its certain servants and employees then in charge of the operation of said train, utterly disregarding its duty in such regard, on the said 27th day of June, A. D. 1908, in the State of Florida and county of Duval and within the corporate limits of the City of Jacksonville, between the hours of seven and nine P. M. wantonly and recklessly ran its certain passenger train over the track of the said Jacksonville Terminal Company and the Atlantic Coast Line Railroad Company, and particularly over that portion of said track lying between Enterprise Street and Fairfax Street in this, that said train was operated at a wanton and reckless high rate of speed, with the headlight on the engine of said train not burning, and without giving

signals of its approach, to persons so using said track as a foot path, by the ringing of the bell or the blowing of the whistle, and the said train so negligently operated as aforesaid, and by reason of such negligent operation, ran upon and against the father of plaintiffs, Charles Butler, at a point about midway between. Enterprise Street and Fairfax Street, while the said Charles Butler was walking upon and along said track so used as a foot path and thereby struck down and so wounded, bruised, broke, cut and crushed the said Charles Butler, that then and there he departed this life, killed by the defendant. That by the death of the said Charles Butler, the plaintiffs have been deprived of the care, counsel and support of their said father, to the damage of the plaintiffs in the sum of Ten Thousand Dollars.

WHEREFORE, plaintiffs bring this their suit, and claim Ten Thousand ($10,000.00) Dollars damages from the defendant.

H. H. Eyles, Attorney for Plaintiffs."

The following demurrer to the declaration was interposed:

"Comes now the defendant in the above entitled cause by E. J. L'Engle and M. H. Long, its attorneys, and says that the first count of the plaintiffs' amended declaration filed herein, September 2, 1910, is bad in substance, and assigns the following matters of law intended to be argued hereunder:

1. That no facts are stated in said count constituting a cause of action against the defendant.

2. That said count states no facts which show that any wrongful act, carelessness, negligence or default of defendant or any agent thereof, caused the death of said Charles Butler.

3. That no facts are stated in said count which show

that said Charles Butler had any right to be on defendant's tracks at the time of his alleged death.

4.   That no facts are stated in said count which charge the defendant with the duties alleged to have been violated by it.

5.   That it does not appear from said count that the defendant owed said Charles Butler any duty to give warning of the approach of its said train, or not to operate its said train at a high and dangerous rate of speed.

6.   That it appears from said count that the said Charles Butler was a trespasser on defendant's tracks and that his death was occasioned solely by his own negligence.

7.   That it appears from said count that the negligence of the said Charles Butler was the sole, proximate cause of his death.

And defendant says that the second count of plaintiff's second amended declaration filed hereon on September 2, 1910, is bad in substance and assigns the following matters of law intended to be argued thereunder:

1.   That said count states no facts constituting a cause of action against defendant.

2.   That said count states no fact or facts which show any wrongful act, carelessness, negligence or default of defendant, or any agent thereof, causing the death of said Charles Butler.

3.   That it appears from said count that the negligence of the said Charles Butler was the sole proximate cause of his death.

4.   That no facts are stated in said count which show that the said Charles Butler had any right to be on the defendant's tracks at the time of his death.

5.   That the tracks of the defendant could not be lawfully used as a foot path, and that knowledge of such

could not be imputed to defendant and that actual knowledge of such use of its tracks would not sanction such practice or give to persons using defendant's tracks as a foot path any right of action on the facts alleged in said count.

6.  That it appears from said count that deceased was a trespasser on defendant's tracks and it does not appear that defendant had any knowledge of his presence.

7.  That no breach of duty owing to plaintiff's deceased father by defendant, is shown by said count.

And defendant says that the third count of plaintiff's second amended declaration filed herein on September 2nd, 1910, is bad in substance and assigns the following matters of law intended to be argued thereunder:

1.  That said count states no facts constituting a cause of action against defendant.

2.  That said count states no fact showing any wrongful act, carelessness, negligence or default on the part of defendant or any agent thereof causing the death of said Charles Butler.

3.  That no facts are stated in said count which show that the said Charles Butler had any right to be on the tracks of the defendant at the time of his death.

4.  That the tracks of defendant could not be lawfully used as a foot path, and that knowledge of such use could not be imputed to defendant, and that actual knowledge of such use would not sanction such practice or give to persons using defendant's tracks any right of action on the facts alleged in said count.

5.  That it appears from said count that the plaintiff's deceased father was a trespasser on the defendant's tracks at the time of the alleged injury and it is not alleged that defendant had any knowledge of his presence thereon.

6. That it appears from said count that the death of the said Charles Butler was occasioned solely by his own negligence.

7. That no facts are alleged in said count which charge the defendant with the duties alleged to have been violated by it.

8. That it does not appear from said count that the defendant owed any duty to said Charles Butler to have the headlight burning on its engines, or to give warning of the approach of said train by ringing the bell or blowing the whistle or otherwise, or not to operate said train at a high and dangerous rate of speed."

The court sustained the demurrer, and no amendment being offered, final judgment for the defendant on the demurrer was rendered, and the plaintiffs took writ of error.

*Geo. C. Bedell,* for Plaintiff in Error;

*E. J. L'Engle,* for Defendant in Error.

WHITFIELD, C. J., *(After stating the facts.)*—Sections 3148 and 3149, General Statutes of 1906, provide that "A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

"No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negli-

gence. It the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him."

Where the death of a person is caused in this State by the wrongful act, negligence, carelessness or default of any person or corporation, and the act, negligence, carelessness or default is such as would, if death had not ensued, have entitled the party injured thereby to maintain an action for damages in respect thereof, then the negligent party shall be liable in damages to those who are designated in the statutes as being entitled to maintain an action therefor; and in every such action the jury shall give such damages as the party entitled to sue may have sustained by reason of the death of the person killed. Sections 3145 and 3146, General Statutes of 1906, as amended by Chapter 5648, Acts of 1907.

If Charles Butler could have recovered damages for the injury to himself had he lived, his minor children can recover damages for losses they sustained because of the father's death, the widow of the deceased having died since his death.

In an action for injuries received by the operation of a train of a railroad company, it is in general sufficient to allege ultimate facts showing that the defendant negligently did or omitted the act or acts that proximately caused or contributed to causing the injury as stated, the specific fact that actually caused the injury being duly alleged so that a definite issue may be presented for trial. Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618; Morris v. Florida Cent. & P. R. Co., 43 Fla. 10, 29 South. Rep. 541; see also notes to 59 L. R. A. 209.

Stated in a condensed form, each of the several counts of the declaration is in substance as follows:

That Charles Butler deceased left a widow Manda Butler who has since died; that plaintiffs are the minor children and heirs at law of said Charles and Manda Butler; that on June 27th, 1908, the defendant a railroad company was operating its trains in Duval County, Florida; that on said date in said county, the defendant so negligently operated one of its trains that by reason thereof the said train was negligently run upon and against Charles Butler, the father of plaintiffs, while he was upon the railroad track at a point about midway between Enterprise Street and Fairfax Street, in the city of Jacksonville, in Duval County, Florida, and thereby struck down and so wounded, bruised, broke, cut and crushed the said Charles Butler, that he then and there departed this life, killed by the defendant; that by the death of the said Charles Butler, the plaintiffs have been deprived of the care, counsel and support of their said father to the damages of the plaintiffs in ten thousand dollars.

The allegations as abstracted above are sufficient statements of ultimate facts to show negligence of the defendant in the operation of its train and also injury to the plaintiffs' decedent proximately resulting from a particular fact stated, *viz.* the negligent running of said train upon and against the decedent while he was upon the track. If the other allegations contained in the counts do not by repugnancy destroy the efficacy of the declaration, or do not negative the defendant's liability, the demurrer to the several counts were erroneously sustained.

The allegations of the several counts as to the presence of the deceased on the railroad track negative any theory that he was there as a trespasser, and support an inference or presumption that the decedent was lawfully

on the track. Even if the decedent was a mere trespasser, it is alleged that he was fatally injured by the negligence of the defendant in the operation of its train. While a railroad company is not held to as high a degree of care to prevent injury to trespassers as is required by law in the case of passengers, employees and licensees, yet under the statute where injury by the operation of the train of a railroad company is shown, there is liability of the defendant for damages unless the railroad company shall make it appear that it had exercised all ordinary and reasonable care and diligence to avoid the injury. What was ordinary and reasonable care and diligence depends upon all the circumstances of the case. If the defendant was in fact a trespasser, it may be shown in evidence as a factor to be considered in determining the degree of care required of the defendant. The allegations of the declaration do not shown by express language or fair inference that the injury was caused by the decedent's own negligence, or was done by his consent. Such allegations do in effect state that the defendant's negligence in the operation of its train was a proximate cause of the injury complained of. This is equivalent to alleging that the defendant did not exercise due care under the circumstances in the operation of its train, and that the injury stated was a proximate result of such want of due care on the part of the defendant.

The allegations of specific acts of negligence, whether admitted by the demurrer or not, do not appear as matter of law to be insufficient. Whether the alleged specific acts and omissions were in fact negligent and impose liability depended upon the circumstances to be developed at the trial.

The unnecessary allegations in the several counts are not repugnant to the allegations that state a cause of

action, and do not negative the liability of the defendant railroad company.

If the injury to the plaintiffs' decedent was in fact caused solely by his own negligence, or if the defendant in fact exercised all ordinary and reasonable care and diligence due under the circumstances to prevent the injury, it is not liable in damages; and this may be shown under the general issue. If the defendant's negligence was a proximate contributing cause of the injury, mere contributory negligence of the plaintiffs' decedent is, under the statute, not a bar to the action, but it may operate to diminish the damages recoverable.

The judgment is reversed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.