GEORGIA, FLORIDA AND ALABAMA RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error,* v. S. H. Cox, *Defendant in Error.*

## Opinion Filed May 20, 1918.

## Petition for Rehearing Denied July 3, 1918.

1. Where one 'of the acts of negligence charged against a railway company for personal injuries, is the absence of proper light or lights, it is not necessary for the pleader to allege any purpose that such light would serve, or the various ways in which an injury might occur by reason of their absence.

2. In actions against railroad companies when negligence is charged, it is only necessary to allege the ultimate facts that show the negligence of the defendant coupled with an averment that they were negligently done.

3. While a railroad company is not held to as high a degree of care to prevent injury to trespassers as is required by law in the cases 'of passengers, employees and licensees, yet under the statute where injury by the operation of the train of a railroad company is shown, there is liability of the defendant for damages unless the railroad company shall make it appear that it had exercised all ordinary and reasonable care and diligence to avoid the injury.

4. A railroad company owes a duty both to a passanger and a licensee, but the degree of care and diligence that it is required to exercise towards a trespasser is not so great as towards a licensee.

5. A railroad company is liable for injury to a trespasser, if by the exercise of proper care and diligence under all the circumstances of the case it could have avoided injuring him.

6. Under Sections 3148 and 3149 of the General Statutes of 1906, a plaintiff is not debarred from recovering against a

railroad company for personal injuries unless the injury was caused by his own negligence, or by his consent, and where the negligence of the plaintiff and the defendant produces the injury, the plaintiff's damages are to be diminished by the jury in proportion to the default attributed to him.

7. Where a railroad company has knowledge of, and acquiesces in the use by the public of a foot path along its right-of-way, in the vicinity of a settlement, there is imposed upon it an obligation to exercise all ordinary and reasonable care and diligence commensurate with the existencies of the case to prevent injury to persons using the same.

8. Where a railroad company has knowledge of, and acquiesces in the use of a footpath over its right-of-way by the public, it is bound to anticipate that persons are apt to be using this foot path and should be on the lookout for them and exercise all ordinary and reasonable care and diligence to avoid injury to them.

Writ of Error to Circuit Court for Wakulla County, E. C. Love, Judge

Judgment affirmed.

*McCord & Johnston* and *T. S. Hawes,* for Plaintiff in Error;

*W. C. Hodges, Nat R. Walker and Fred H. Davis,* for Defendant in Error.

BROWNE, C. J.—S. H. Cox brought suit for damages against the Georgia, Florida and Alabama Railway Company for negligent killing by one of its trains, of his son Domain Cox. Verdict and judgment were rendered in favor of the plaintiff for one thousand dollars, and defendant seeks reversal here on writ of error.

The declaration contained two counts both of which were demurred to, and the demurrer sustained as to the first count and overruled as to the second, which is as follows: "That on the 26th day of January, A. D. 1913, the said defendant in the usual course of its business was operating a work train for the purpose of repairing its roadbed at or near McIntyre, in the county of Franklin in the State of Florida, and on said day, in the night time, caused the said work train and engine coupled to it to proceed to Arran, in the county of Wakulla, aforesaid, by attaching the engine to one or more cars and a car used as a caboose car, and backing said engine and cars from McIntyre in the said county of Franklin to Arran in the said county of Wakulla; and in so backing as aforesaid the said defendant in the operating of its business as aforesaid neglected and failed to provide or place upon the car used as a caboose car proper light or lights that the track and roadbed might be plainly visible to those operating the said work train, or that persons on or near the roadbed of the defendant company might be warned of the approach of the said engine and work train, and neglected and failed to give any other warning or warnings, signal or signals of the approach of said work train and engine; and in thus operating and moving said work train backward without lights and without giving warnings or signals of its approach, at or near Arran in the county of Wakulla, in the State of Florida, did negligently and carelessly run upon and over one Domain Cox, who was then and there upon the right of way of the said defendant, and without giving notice or warning to him of the approach of the said engine and work train, and thereby through the negligence and carelessness aforesaid, did cut to pieces, mangle and crush the said Domain Cox, and from said injury the said Domain Cox died on the 26th

day of January, A. D. 1913; and the said plaintiff says the defendant could with reasonable care and diligence avoided the same and the said Domain Cox was without fault or negligence on his part."

The grounds of the demurrer are that the declaration failed to show any duty to the deceased resting on the defendant; that the declaration shows that the deceased was a trespasser and does not show any circumstances which charge the defendant with any duty towards him; that the defendant owed no duty to the deceased to place upon its caboose car such light or lights as would make its track and roadbed plainly visible to those operating its train; that it owed no duty to the deceased to place on its caboose car a proper light or lights that persons on or near the roadbed might be warned of the approach of its engine or train; that it owed no duty to the deceased to give any warning or signals of the approach of its train; and that the declaration is vague, indefinite, uncertain and insufficient in law to be answered unto; and that the declaration states contradictory acts of negligence as the proximate cause of the injury resulting in the death of the deceased.

There were pleas of not guilty and of contributory negligence.

The errors assigned that are argued by the plaintiff in error are the overruling of the defendant's demurrer to second Court; for allowing the plaintiff over objection of the defendant to introduce testimony tending to show or showing that the deceased was a licensee of defendant at the time of the accident; that the verdict was contrary to law and not warranted by the evidence; and because the preponderance of the evidence was in favor of defendant.

It is strongly contended by the plaintiff in error that

the declaration states contradictory acts of negligence as the proximate cause of the injury, in that after stating that the railroad company failed to provide proper light or lights, it contained the further statements "that the track or roadbed might be plainly visible to those operating the said work train, or that persons on or near the roadbed of the defendant company might be warned of the approach of the said engine and work train." It is claimed that this language defined two distinct grounds of negligence, one predicated upon the failure to have a light bright enough to illuminate the roadbed a sufficient distance ahead so that those operating the train could have seen a person lying on the roadbed in time to have stopped the train and avoided injuring him, and the other in not having such a light or lights that a person walking on a footpath alongside the track might be warned of the approach of the train in time to have protected himself; and that the obligation of the railroad as to the character of the light or lights was different if the deceased was in one situation, from what it was if he were in the other·

The specific negligence charged in the declaration is the absence of proper lights. What would be proper light or lights, depends on all the circumstances of the case, and it was not necessary for the pleader to allege every purpose that such lights would serve, or the various ways in which an injury might occur by reason of their absence. The declaration, however, does not stop with this allegation of negligence, but charges that the defendant "neglected and failed to give any other warning or warnings, signal or signals of the approach of said work train and engine; and in thus operating and moving said work train backward without lights and without giving warnings or signals of its approach * * * did negligently and carelessly run upon and over" the deceased.

The rule in this State is that in actions against railroad companies, where negligence is charged it is only necessary to allege the ultimate facts that show the negligence of the defendant coupled with an averment that they were negligently done. Butler v. Southern R. Co., 63 Fla. 95, 58 South. Rep. 225; Louisville & N. R. Co. v. Jones, 45 Fla. 407, 34 South. Rep. 246; Consumers' Electric Light & St. R. Co. v. Pryor, 44 Fla. 354, 32 South. Rep. 797; Jacksonville Electric Co. v. Schmetzer, 53 Fla. 370, 43 South. Rep. 85; Morris v. Florida Cent. & P. R. Co., 43 Fla. 10, 29 South. Rep. 541. In the instant case the declaration charges that the defendant was operating its train backward without proper lights, and without giving warnings or signals of its approach, and while so doing, negligently and carelessly ran upon and over the deceased who was on the defendant's right-of-way. The statement of the necessity for having lights, the absence of which constituted negligence, in nowise destroys the sufficiency of the allegation of the ultimate facts which constituted the negligence, nor is it repugnant thereto.

To that part of the discussion by the plaintiff in error which is predicated upon the theory that the deceased was a trespasser we need only quote from the opinion of this court in the case of Butler v. Southern R. Co., *supra*: "Even if the decedent was a mere trespasser, it is alleged that he was fatally injured by the negligence of the defendant in the operation of its train. While a railroad company is not held to as high a degree of care to prevent injury to trespassers as is required by law in the case of passengers, employees and licensees, yet under the statute where injury by the operation of the train of a railroad company is shown, there is liability of the defendant for damages unless the railroad company shall make it appear that it had exercised all ordinary and reasonable care and

diligence to avoid the injury. What was ordinary and reasonable care and diligence depends upon all the circumstnces of the case. If the defendant was n fact a trespasser, it may be shown in evidence as a factor to be considered in determining the degere of care required of the defendant. The allegations of the declaration do not show by express language or fair inference that the injury was caused by the decedent's own negligence, or was done by his consent."

The third assignment of error is based upon the admission of testimony by the plaintiff, over the defendant's object on showing that the deceased at the time he met his death was a licensee of the defendant.

The declaration alleges that the deceased at the time he was struck by the train was on the defendant's right-of-way. He may have been there as a trespasser or a licensee. In either event the defendant is liable, if by the exercise of proper care and diligence under all the circumstances of the case, it could have avoided running over and killing him. The question of whether the deceased was a trespasser or a licensee, did not affect the defendant's liability, but only the degree of care and diligence which it was required to exercise towards him. It was therefore competent for the plaintiff to offer testimony to show that the deceased was a licensee and not a trespasser, in order that the jury might determine whether or not the defendant had exercised the degree of care and diligence, which the situation of the deceased imposed upon it.

The first, fourth, fifth and sixth assignments are in effect that the evidence was not sufficient to support the verdict. The uncontroverted testimony is that on the evening of the 26th of January an engine with a box car which was being used as a caboose, backed from McIntyre to Arran,

a distance of sixteen miles, for the purpose of getting water. It was not a regular train nor was it running on a schedule. After reaching Arran it backed about seventy-five yards to the water tank and thence about 225 yards further to some section houses; a drizzling rain was falling; the headlight of the engine was burning, but it was throwing its rays in front of the engine and in an opposite direction from which the train was moving; it remained a short time at the section houses and then returned to Arran. Before the engine and caboose had reached Arran the deceased was found with his body lying across the rails, and part of him on the outside; he was cut in two across the body, only the skin on his back holding the parts together; one arm was severed from the body, and one leg was almost cut off; there was a puddle of fresh blood where he lay, and none elsewhere; there were no injuries or bruises on him except where the cars passed over him, and nothing to indicate that he had met with foul play at the hands of anyone; that along the track where decedent's body was found was a well defined footpath which had been in open and continuous use both day and night for a number of years, which led from Arran for about one-half a mile in the direction of the section houses, and towards the home of the deceased; this footpath was used by the public, including the deceased, with the knowledge of the station agent and the general manager of the railroad company. As to whether or not there was a light on the rear of the caboose car, or the bell was rung after the engine left Arran on its way to the section houses, the testimony is conflicting.

The theory of the plaintiff below is that the deceased was going home and was using the footpath alongside of the track; that the train approached him from behind and without having proper lights or making adequate signals

46—Vol. 75

to warn him of his danger knocked him down and killed him.

The theory of the plaintiff in error is that the deceased who was drunk a few hours before he was killed, was lying down on the railroad track at the time he was struck and killed by the train.

The jury persumably acted on the theory of the plaintiff. . While the testimony shows that the deceased was drunk shortly before the accident, it also shows that he was in possession of his physical powers, for he was seen chasing some boys about, and in attempting to break into the station agent's office, used sufficient force to split the door. It would be rather strange for a man in this condition of drunken activity, to lie down in the rain on the roadbed of a railway instead of going to his home which was but a short distance away, and as his body was found by the pathway which he would have used in going home it seems the jury accepted the more reasonable theory.

Sections 3148 and 3149 of the General Statutes of Florida, 1906, provide that "A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company.

"No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him."

The plaintiff in error urges that these sections being taken from the Statutes of Georgia, the decisions from that State are helpful in arriving at a proper construction of our statute, and cites a number of Georgia cases dealing with the obligation of a railroad towards trespassers. Under the theory of the plaintiff below, the deceased was a licensee and not a trespasser. Apart from this, the rule in this State as to contributory negligence in a suit for damages against a railroad company for injuries to persons or property, is not the same as the Georgia rule, as was pointed out by this court in the case of Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 South. Rep. 338: "This statute does not introduce into this State the Illinois doctrine of comparative negligence, nor that prevailing in Tennessee, nor does it introduce in its entirety that prevailing in the State of Georgia; consequently, the decisions cited from those States are inapplicable to this case, upon a proper construction of our statutes. It is true that our statute is taken almost literally from similar provisions in the Georgia Code (Duval v. Hunt, 34 Fla. 85, 15 South. Rep. 876; Florida Central & Peninsular R. R. Co. v. Williams, 37 Fla. 406, 20 South. Rep. 558); but these provisions of the Georgia Code are construed in connection with, and are limited by, another provision of the same Code which was omitted from our statute, viz: 'If the plaintiff by ordinary care could have avoided the injury to himself caused by the defendant's negligence, he can not recover at all.' Macon & Western R. R. Co. v. Johnson, 38 Ga., 409; Savannah, Florida & Western Ry. Co. v. Stewart, 71 Ga. 427. The plain construction of our statute, in the absence of a provision similar to the one quoted, is that plaintiff is not debarred from recovering unless the injury was caused entirely by his own negligence, or by his consent; but that in all cases where the

negligence of the plaintiff and defendant produces the injury, the plaintiff's damages are to be diminished by the jury in proportion to the default attributable to him."

It is quite clear from the testimony that from Arran a foot path extended along by the side of the railroad track a distance of about a half a mile. It was in general use by the public with the knowledge of the railroad company and with its tacit consent. Where a railway company has knowledge that the public is using its right-of-way along its tracks and makes no objection and takes no measures to warn against such use and acquiesces in the same, it imposes upon itself the duty to anticipate the presence of persons at such points and to take the precautions of an ordinarily prudent person to prevent injury to them.

In the case of Florida R. Co. v. Sturkey, 56 Fla. 196, 48 South. Rep. 34, this court said: "Negligence is the failure to observe for the protection of another's interests such care, precaution and vigilance as the circumstances justly demand, and, while railroad trainmen are not usually bound to foresee or watch for the wrongful presence of any person upon the track, yet, if experience has shown that at certain points persons are constantly thus entering upon the track, and it appears that the company has acquiesced in the use thus made of the track, such person, if injured as the proximate result of the failure to use ordinary care to watch for them, may recover damages, if the trainmen could have seen them without difficulty, even though in fact they did not see them. Especially is the doctrine applicable to a backing train."

The theory of the plaintiff below in the instant case was not that the defendant inflicted the injury after discovering the deceased, but that he was struck by the

backing train while walking on the railroad's right-of-way, and that because of its knowledge of, and acquiescence in the use of the foot path along its right-of-way by the public in and around Arran, there was imposed upon it an obligation to exercise all ordinary and reasonable care and diligence commensurate with the exigencies of the case. Having knowledge of this use of the right-of-way by the public the defendant and its servants were bound to anticipate that persons were apt to be using this foot path and should have been on the lookout for them, and should have exercised all ordinary reasonable care and diligence to avoid injury to them. See Morris v. Florida Cent. & P. R. Co., 43 Fla. 10, 29 South. Rep. 541.

. The judgment is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.