MARIANNA AND BLOUNTSTOWN RAILROAD COMPANY, A COR-
PORATION, *Plaintiff in Error*, v. W. H. MAY, AS ADMINIS-
TRATOR OF ESTATE OF CHARLEY MAY, *Defendant in Error*.

Opinion Filed April 11, 1922.

1. The common law afforded no right of action to any one for damages resulting from the death of a person caused by the wrongful act or default of another.

2. The statute makes a corporation liable for the death of a person caused by the wrongful act, negligence, carelessness or default of its agents, and provides that if there be no widow or husband or minor child or persons dependent on the decedent for support "then the action may be maintained by the executor or administrator of the person killed * * * and in every such action the jury shall give such damages as the party entitled to sue may have sustained by reason of the death of the party killed."

3. When an administrator has a right of action under the statute imposing a liability for the wrongful death of a person he may recover the value at the decedent's death of the prospective earnings and savings that from the evidence could reasonably have been expected but for the death of the decedent.

4. In an action brought under the statute by an administrator to recover damages for the wrongful death of his decedent, where liability of the defendant is shown, the jury have no discretion in assessing the damages sustained, but among other elements the jury may consider evidence as to the age, probable duration of life, habits of industry, means, business, earnings, health and skill of the deceased, and his reasonable future expectations. If the evidence shows the decedent's health, habits or other conditions of life to be such that he had no reasonable future expectations of an estate, the recovery would of course be merely nominal.

5. In an action for the wrongful death of a person brought by his administrator to recover damages for the loss of a prospective accumulated estate, the amount of the recovery is not the value of the decedent's life to any one or to the public, but the recovery is limited to the present value of an estate which the proofs show the decedent may reasonably have been expected to earn and save had he lived, where the accumulation of an estate by the decedent may reasonably have been expected, and the present value thereof can be ascertained with reasonable certainty from truthworthy evidence upon all matters affecting the probabilities as to life expectancy, physical condition, earning capacity and opportunities, habits of life and of accumulation and other pertinent circumstances.

A Writ of Error to Circuit Court for Jackcon County; C. L. Wilson, Judge.

Reversed.

*Paul Carter*, for Plaintiff in Eerror;

*W. E. B. Smith* and *Rivers H. Buford*, for Defendant in Error.

WHITFIELD, J.—In an action by an administrator brought under the statute to recover damages stated to be $2900.00 for the death of Charley H. May alleged to have been caused by the negligent running of the defendant railroad company's train, a writ of error was taken to a judgment for the plaintiff awarding $2000.00 damages.

It appears that decedent was in his twenty-sixth year; that he was not of normal physical condition, but was "fitified;" that he had been in an asylum; that he had fits every two or three weeks, and for two days after could not work; that he lived with his father and worked for him;

that his services were worth to his father $25.00 per month; that he had worked a little for other parties; that his father gave him money when he needed it and clothes when he. needed them. It is not shown that he had accumulated any estate. His body was found where it had been run over by the railroad train in the afternoon near a trail that crosses the track not far from where decedent lived; that no one saw him killed. The trainmen testified that at the point where the body was found, the train was going up grade at six or .eight miles an hour; but neither the engineer nor the fireman knew of the killing till they had reached another point several miles away. There is evidence that blood was seen on the engine wheels.

It having been shown that the railroad train had run over the body, the statute cast upon the defendant company the burden of making it appear that its employees in operating the train "exercised all ordinary and reasonable care and diligence" to avoid injury, (Sec. 4964, Rev. Gen. Stats. 1920,) where an action is brought by one having a right of action to redress the injury. See Butler v. Southern R. Co., 63 Fla. 95, 58 South. Rep. 225; Georgia, F. & A. R. co. v. Cox, 75 Fla. 714, 79 South. Rep. 276; Florida R. Co. v. Sturkey, 56 Fla. 196, 48 South. Rep. 34.

The common law afforded no right of action to any one. for damages resulting from the death of a person caused by the wrongful act or default of another. The statute makes a corporation liable for the death of a person caused by the wrongful act, negligence, carelessness or default of its agent, and provides that if there be no widow or husband or minor child or person dependent on the decedent for support "then the action may be maintained by the executor or administrator of the person killed   *   "and in every such action the jury shall give such damages as'

the party is entitled to sue may have sustained by reason of the death of the party killed.''

When an administrator has a right of action under the statute imposing a liability for the wrongful death of a person he may recover the value at the decedent's death of the prospective earnings and savings that from the evidence could reasonably have been expected but for the death of the decedent. The jury have no arbitrary discretion, but among other proper elements they may consider evidence as to the age, probable duration of life, habits of industry, means, business, earnings, health and skill of the deceased, and his reasonable future expectations. If the evidence shows the decedent's health, habits or other conditions of life to be such that he had no reasonable future expectations of an estate, the recovery would of course be merely nominal. Jacksonville Electric Co. v. Bowden, 54 Fla. 461, 45 South. Rep. 755; Louisville & N. R. Co. v. Jones, 45 Fla. 407, 34 South. Rep. 246; Florida East Coast R. Co. v. Hayes, 67 Fla. 101, 64 South. Rep. 504.

The value of the decedent's services to his father with whom he lived is not the measure of damages that under the statute may be recovered by an administrator.

The following charge was given, excepted to, and assigned as error; ''if you should find for the plaintiff, then you will consider the question of what amount of damages you should find. The measure of damages is the amount that the defendant could earn, say monthly or annually; you will have to find that from the evidence,—The Court can't help you. When you have found that you then will consider the rule, the American Mortality Table which has been introduced before you, and then you will consider how long the party had a right to expect to live; you will

then add together the amounts annually, as long as he was expected to live, and then you will find the present value of that amount that is, you will deduct or discount the amount down to the present time and find what the value is, what he would have earned altogether,—find what is the present value now, discounting the interest each year, and then that would be the amount of your verdict, unless that amount exceeded $2900.00, if it exceeds $2900.00 then you will have to limit your verdict to $2900.00 because that is the amount alleged in the declaration, and you con't find for an amount over the amount alleged in the declaration.''

This charge does not comport with the rule for measuring damages in a case of this character. Mortuary tables are merely evidentiary and are not binding on a jury as a rule of law or of evidence. Such tables apply to normal persons. The evidence is not definite as to any probable earnings and savings of the decedent; and in view of the testimony as to his physical condition the amount of the verdict indicates that the measure of damages as given, was applied to the defendant's injury.

In an atcion for the wrongful death of a person brought by his administrator to recover damages for the loss of a prospective accumulated estate, the amount of recovery is not the value of the decedent's life to any one or the public, but the recovery is limited to the present value of an estate which the proofs show the decedent may reasonably have been expected to earn and save had he lived, where the accumulation of an estate by the decedent may reasonably have been expected, and the present value thereof can be ascertained with reasonable crtainty from trustworthy evidence upon all matters affecting the probabilities as to life and of accumulation and other pertinent circumstances.

See Florida East Coast R. Co. v. Hayes, *supra;* Jacksonville Electric Co. v. Bowden, *supra.*

Reversed.

BROWNE, C. J. AND TAYLOR, J., concur.

ELLIS AND WEST, J. J., specially concur.

ELLIS, J.—Concurring.

I think the judgment should be reversed because the evidence was insufficient upon the question of earning and saving capacity of the deceased.  See Jacksonville Electric Co. v. Bowden, 54 Fla. 461, 45 South. Rep. 755.  The instruction referred to in the majority opinion relating to the computation of damages and the use of the American Mortuary Tables to determine the life expectancy of the deceased is not in my opinion defective for the reasons given in the majority opinion nor in that of Mr. JUSTICE WEST.  I agree with him however, that in cases of persons not in normal health the American Mortuary tables are admissible in evidence for determining the life expectancy of such persons, but the tables should be considered along with all the evidence as to the person's health and habits whose life expectancy is to be ascertained.

WEST, J.—Concurring.

I concur in the result but do not concur in the expression contained in the opinion which seems to intimate that standard mortality tables are admissible only in cases of normal persons.  The charge of the trial court held in the opinion to be error is, in my opinion, erroneous not because

the mortality tables introduced are admissible only in cases of normal persons, but because the language of the charge may be construed as excluding from consideration by the jury other evidence relating to the state of health, physical and mental condition, habits and occupation of the deceased in determining his life expectancy.   Standard mortality tables have some relevancy to the issue and are therefore admissible, even though the deceased was not a normal person, but such evidence should be received and considered with all the other evidence adduced having a bearing upon the question of the probable duration of life, and in such a case as this the ability to earn money, of the deceased person.   19 R. C. L. p 216; Illinois Cent. R. Co. v. Houchins, 121 Ky., 526, 89 S. W. Rep. 530, 123 A. S. R. 205, 1 L. R. A. (N. S.) 375; Broz v. Omaha Maternity etc. Assn., 96 Neb. 648, 148 N. W. Rep. 575, L. R. A. 1915D, 334; Moses v. Mathews, 95 Neb. 672, 146 N. W. Rep. 920, Ann. Cas 1915A, 698; Hunn v. Michigan Cent. R. Co., 78 Mich. 513, 44 N. W. Rep. 502, 7 L. R. A. 500; Damm v. Damm, 109 Mich. 619, 67 N. W. Rep. 984, 63 A. S. R. 601; Greer v. Louisville, ect. R. Co., 94 Ky. 169, 21 S. W. Rep. 649, 42 A. S. R. 345; McDonald v. Chicago, etc. R. Co., 26 Ia. 124, 96 Am. Dec. 114; Donaldson v. Mississippi, etc. R. Co., 18 Ia. 280, 87 Am. Dec. 391.