HENDRY, Chief Judge.
This is an appeal by the plaintiff of an order granting the defendant judgment notwithstanding the verdict in a personal injury action brought as a result of an automobile-train collision.
At approximately 6:30 on a foggy January morning, plaintiff’s car and defendant’s train were involved in a collision. The car was on the railroad tracks and hit by the train at N.E. 142nd Street, which location is not a railroad crossing. Immediately prior to the time the engineer applied the brakes the train had been traveling at a speed of approximately 59 miles per hour. Exactly how the plaintiff’s car reached the point of impact must be reconstructed from the circumstantial evidence as plaintiff suffers from retrograde amnesia and remembers nothing from six hours prior to the accident until the time he awoke in the hospital several days after the accident.
Defendant’s tracks run north and south. N.E. 142nd Street runs east and west and terminates at the tracks. There is another street, N.E. 20th Lane, which is adjacent to the tracks and runs parallel with the tracks in a north-south direction on the western side of the tracks. There is an intersection formed where 142nd Street and 20th Lane fneet. This is not a four-sided intersection because 142nd Street terminates at the tracks and 20th Lane •terminates at the northern end of the intersection. The eastern end of 142nd 'Street, the railroad tracks, was indicated by several knee high wooden posts and a light reflector. There is also a stop sign ■ on 142nd Street just before the intersection. The northern end of 20th Lane was indicated by some pavement parking bumpers for cars. A building had recently been ■ constructed on the north west corner of •.the intersection of 142nd Street and 20th Lane. Immediately in front of the building asphalt pavement had recently been placed which connected with the street. The paving was for parking facilities in front of the building but, at the time of the accident the parking lines had not been painted. The evidence is such as to make it reasonable to assume that plaintiff was either:
(1) driving east on 142nd Street, made a left turn in the intersection onto the private parking area and then turned right onto the railroad property, or
(2) proceeding north on 20th Lane, traversed the intersection at 142nd Street onto the private parking area and then turned right onto the railroad property.
Either way plaintiff would have driven around or over barriers, driven across the unpaved portion of defendant’s right of way, driven over a spur track which was some 18 feet from the road way and then driven some additional 18 feet onto the main line of the tracks.
Plaintiff was last seen at a bar at approximately 12:30 A.M. on the morning of the accident, his whereabouts being unknown from then until the time of the accident. Two police officers called to the scene of the collision testified that there was evidence of alcohol on plaintiff’s breath. There was further evidence that plaintiff had four ounces of alcohol in his blood some six hours after the accident.
With these facts before them the jury returned a favorable verdict for the plaintiff. Defendant’s motion for judgment notwithstanding the verdict was granted and forms the basis of plaintiff’s sole point on appeal.
We have carefully considered the record on appeal as well as the able arguments of counsel. Our conclusion is that the trial court correctly entered judgment non obstante veredicto for the defendant.
*376 Viewing the evidence in a light most favorable to the plaintiff, and in support of the verdict, the only legally permissible inference is that plaintiffs own negligence was the sole proximate cause of his injuries. Where the facts clearly indicate that the plaintiffs own conduct was the sole proximate cause of his injuries the railroad can not be held liable therefor.[1]
As has been previously indicated the accident giving rise to this law suit took place on a portion of defendant’s tracks which is not a railroad crossing. It, is generally recognized that a person on railroad tracks at points other than established crossings is a trespasser.[2] Plaintiff stresses that the reasoning in the case of Louisville & Nashville R. Co. v. Anderson,[3] removes plaintiff from the trespasser category. We find that argument to be without merit. In the Anderson case no barriers or warnings of any kind were operative so as to indicate that there was not a railroad crossing. The evidence in this case reveals that the railroad had erected knee high wooden stakes and a light reflector at the termination of N.E. 142nd Street. We find that such precautions gave sufficient warning as a matter of law that the area was not a railroad crossing. Appellant further urges that defendant railroad was negligent in running its train at so high a speed as to preclude the train from being able to stop in time to avoid the accident once plaintiffs presence became known. It is conceded that the speed, approximately 59 miles per hour, was within the' allowable limits; however, plaintiff argues that what may be within an allowable limit as required by law may be unreasonable under the circumstances of a particular case.[4] While appellant’s point is a correct statement of the law, it is nevertheless non-availing as we have previously concluded that plaintiff was a trespasser on defendant’s property. And as stated in Butler v. Southern Ry. Co.,[5]
“What was ordinary and reasonable care and diligence depends upon all the circumstances of the case. If the 'defendant .was in fact a trespasser, it may be shown in evidence as a factor to be considered in determining the degree of care required of the defendant.”
The duty owed by the railroad to the trespasser is not to harm him wilfully or wantonly, or to set traps for him, or to expose him to danger recklessly or wantonly.[6]
Our conclusion is that the speed of the train was not excessive so as to constitute a breach of the duty owed" by the railroad to the plaintiff.
In view of our finding that the plaintiff was the sole proximate cause of his injuries, we find it unnecessary to consider the other questions raised by the parties to the appeal.
Accordingly the judgment is hereby affirmed.
Affirmed.

. Knott v. Seaboard Air Line Railroad Company, Fla.App.1963, 151 So.2d 11.

. Louisville and Nashville Railroad Co. v. Holland, Fla.1955, 79 So.2d 691.

. 39 F.2d 403 (5th Cir.1930).

. Florida East Coast Railway Company v. Soper, Fla.App.1962, 146 So.2d 605.

. 63 Fla. 95, 107, 58 So. 225, 229 (1912).

. Supra, note 2.