SWANN, Judge.
The Alexanders, father and son, appeal from a summary final judgment for the defendant railroad company, in a negligence suit.
Their suit was filed against the City of Miami, Florida, and the railroad and is still pending against the city in the trial court.
The following facts are assumed to be correct for purposes of this appeal only.
At night on December 29, 1966, the plaintiff, Edward Bruce Alexander, drove a motor vehicle belonging to his father, Leon Alexander, west on northwest 17th Street, in the City of Miami, Dade County, Florida. He had never driven this route before, and was unfamiliar with the street and terrain. He did not know that approximately 150 feet west of the intersection of N. W. 17th Street and North Miami Avenue, the defendant, Florida East Coast Railway Company, maintained railroad tracks running in a north-south direction.
The railroad tracks were constructed in 1896 and the City of Miami, in subsequent years and on both sides, built northwest 17th Street up to, but not over, the railroad tracks.
Bruce approached the intersection of N. W. 17th Street and Miami Avenue, and stopped in response to a yield sign. A proper understanding of the case at bar requires an explanation of what lay ahead. To the naked eye, in the darkness, N. W. 17th Street stretched westward in an unbroken line. There were city-maintained street lights on both sides of the street as far as the eye could see. There was a stop sign on the southwest corner of the intersection (the obverse side of which could be seen by an individual driving to the west) apparently requiring any east-bound traffic on 17th Street to come to a complete stop before entering the Miami Avenue intersection. The street ahead was, similar to the street behind, paved with an asphalt topping. A driver proceeding from east to west might reasonably expect nothing in N. W. 17th Street until he reached the northwest First Avenue (a north-south intersection, some 300 feet ahead). Yet midway between Miami Avenue and First Avenue were the unmarked and unlighted parallel tracks of the railroad running in a north-south direction and dividing N. W. 17th Street into two parts for a considerable distance.
Neither the City of Miami nor the railroad had marked N. W. 17th Street in any fashion to indicate that it came to a tempo *480 rary end just prior to the steel rails, which protruded with their bed by some 20 to 21 inches; nor had either erected any barricades or warning signals.
As Bruce proceeded west, he accelerated from zero to about 20 or 25 miles per hour. Approximately 150 feet from the intersection, he struck the railroad tracks and the alleged accident and injury occurred.
The record reveals that the railroad had actually been advised on numerous occasions of many prior accidents at this location.
29 Am.Jur.2d Evidence § 305 states:
“Prior accidents or injuries. In a negligence action, action for wrongful death, or other action wherein the plaintiff seeks to charge the defendant with responsibility for damage or injury resulting from the alleged dangerous condition of premises, appliances, or machinery belonging to the defendant or under his control, the general rule is that proof of some prior similar accidents or injuries at or near the same place or by the use of the same appliance, suffered by persons other than the plaintiff and at other and different times, but under the same or substantially the same conditions and not too remote in point of time from the particular occurrence, is admissible for certain purposes. Evidence of prior similar accidents at the same place, or prior similar injuries resulting from the same appliance, as that of the accident or injury in suit, is generally admissible for the purpose of showing the existence of dangerous or defective premises or appliances, and notice or knowledge thereof, but generally not for the purpose of showing specific acts of negligence or the cause of the accident or injury. The admission of evidence of prior accidents or injuries is an exception to the general rule which ordinarily excludes evidence of independent events and occurrences not directly connected with the matter in dispute.”
The sole question on appeal is whether there was a genuine issue of material fact relating to negligence on the part of the railroad in maintaining this condition so as to preclude entry of a summary final judgment in its favor.
Generally, the party moving for summary judgment must show conclusively that no material issues remain for trial and where doubt exists on questions of negligence, the matter should be resolved in favor of a jury trial. Visingardi v. Tirone, Fla. 1965, 193 So.2d 601; and Strickland v. Bradford County Hospital Corp., Fla.App.1967, 196 So.2d 765.
 Here, the tracks were some 20 to 21 inches higher than the street which they bisected. The railroad seems to agree that a dangerous condition existed at this location but argues that it was the duty of the City of Miami, or Dade County, to erect proper warning signals or barricades. We are not concerned, at this juncture, with the liability of the City of Miami or Dade County, if any.
The issue of the contributory negligence, if any, of the driver of the automobile was not decided by the trial court and was not raised as an issue on this appeal. Cf. Adams v. Florida East Coast Railway Company, Fla.App.1965, 179 So.2d 374. We are also not involved merely with a public street crossing a railroad track. The location in question might more properly be characterized as an unmarked dead-end street. The fact that someone else may also have a duty to erect warning signals or barricades because of a dangerous condition created by railroad tracks intersecting an unmarked dead-end street does not preclude a jury in a negligence case from determining that a railroad, with actual knowledge of the dangerous condition, may be under a duty to warn of this condition, or to erect warning signals or barricades. Louisville and N. R. Co. v. Anderson, 39 F.2d 403 (5th Cir., 1930) ; Hatfield v. Seaboard Air Line R. R., 396 F.2d 721 (5th Cir., 1968) ; and Seaboard Air Line R. R. *481 Co. v. Watson, 94 Fla. 571, 113 So. 716 (1927).
We, therefore, reverse the summary final judgment and remand for a trial on the issues raised in the pleading.
Reversed and remanded.