Victor T. Covington, a minor, by his next friend, James L. Jackson, *Plaintiff in Error*, v. Seaboard Air Line Railway Company, a railroad corporation doing business in Florida, *Defendant in Error*.

Division A.

Opinion filed May 15, 1930.

*Hampton & Greene,* for Plaintiff in Error;

*L. W. Duval,* for Defendant in Error.

ELLIS, J.—During the afternoon of May 9, 1926, Victor T. Covington, his wife, Margaret P. Covington, and their two children, one a girl child about — years old and a boy

child aged about nine years, named Victor Covington, were traveling in an automobile of the type known as a "Ford touring car."

The father, Victor T. Covington, was driving. His wife was sitting upon the seat beside him. The little girl with her brother, Victor, who was asleep, were riding in the rear seat. At a point in the Town of Belleview near Freeman's garage where the railroad of the Seaboard Air Line Railway crosses the State Highway No. 2, Mr. Covington undertook to drive his automobile across the track of the railroad company in front of a rapidly approaching train of the company on its schedule trip from Jacksonville to Tampa. The train was approaching the crossing from the north at a rate of speed equal to about thirty-five miles per hour. State Road No. 2 from Belleview to Ocala crosses the railroad track at the point where Mr. Covington sought to pass almost at right angles. A street runs parallel to the railroad track about one hundred feet east of the track. There is a row of oak trees near the west line of the street about seventy-five feet from the railroad track. Freeman's garage and gas station is about two hundred feet from the crossing to the eastward and about sixty feet south of State Road No. 2. Between the line of trees and the railroad track there are no natural obstructions to prevent a traveler approaching the track from seeing an approaching south bound train.

Mr. Covington drove his automobile upon the railroad track in front of an approaching south bound train. His automobile was struck by the train resulting in the death of himself, his wife and little girl. The boy, who was asleep on the rear seat of the automobile, according to his own testimony, was seriously injured.

In July of 1926 the boy, Victor Covington, by his next friend, J. L. Jackson, brought an action against the rail-

road company for damages for personal injuries. There was a verdict for the plaintiff in the sum of eight thousand dollars. A motion for a new trial was made by the defendant and the trial court granted it, to which order the plaintiff took a writ of error.

In granting the motion the learned judge said: "The approaching train was seen by several witnesses from 500 feet to one-quarter of a mile north of the crossing," that to his mind it was conclusively shown that the "deceased father" "drove his automobile in front of the approaching train to his right, without looking to the right until too late, and the train struck him. There can be no doubt of these facts, and how could it be possible that any negligent act of the defendant contributed to the injury, I cannot see."

These quotations from the trial judge's opinion are inserted here merely to show the impression which the evidence taken before him made on his mind. Our examination of the evidence as the same is presented here in the bill of exceptions leads us to the same conclusion as to the negligent act of Mr. Covington which proximately resulted in the injury to himself and family.

There is no question of pleading involved in the case. The declaration contains three counts. One alleges carelessness in general terms of defendant's servants in operating the train coupled with the allegation that a "hill" a short distance north of the crossing and a "number of trees" east of the track "obscure the view from that side and a train going south cannot be seen by persons operating and driving automobiles approaching the railroad track from the east until the train is within a short distance of the crossing, to-wit: so close that a train operated at a high rate of speed, as was defendant's train on the day aforesaid, will reach the said crossing before a

car traveling at the usual and ordinary rate of travel on the highway in said town, can cross the said track after the train comes in view; but if traveling at the rate of speed provided by law, to-wit: not to exceed 12 miles an hour, there is sufficient time for an automobile traveling at the usual and ordinary rate of speed allowed and provided for in the town of Belleview, to cross over the said tracks after the train comes into view as aforesaid before the said train reaches the crossing, all of which was on the day aforesaid well known to the defendant, its agents and servants. That the automobile in which the plaintiff was riding as aforesaid was then and there traveling west and approached the said crossing from the east, and when the said car approached the said crossing, and before going upon the same, the said train could not be seen and observed by the exercise of usual and ordinary care and caution before the said automobile reached the crossing, or reached a point so near thereto that the same could not be stopped by ordinary care and diligence before running upon the tracks. That the defendant's train operated as aforesaid, was then and there being operated at a high rate of speed, to-wit: not less than 40 miles an hour, so that the said train, operating at said rate of speed, ran upon the crossing before the said car in which plaintiff was riding, could cross the same as aforesaid, and thereby the said automobile was struck by the said train; whereas, if said train had been operated at said time at the speed required by law within the corporate limits of said town of Belleview, the said automobile would have had sufficient time to have crossed the said tracks before the train could run from the point where it came into view, to the said crossing, and by reason of approaching the said crossing at the said rapid rate of speed that the driver of the said car, to-wit: Victor T. Covington, was unable to cross the

said tracks before said train reached the crossing, and was struck, the plaintiff's father and mother were killed, and the plaintiff was injured as aforesaid."

The second count contained the same allegations as to obstructions to the view and alleged that the defendant by its servants in charge of the train failed to give any warning of the train's approach by ringing bells and the third count alleged that the negligence of the defendant company consisted in its failure to maintain gates or a watchman at the crossing and failed to give any warning of its approach.

The defendant pleaded not guilty and that the negligence of the driver of the automobile in ignoring warnings given by the defendant of its approaching train was the proximate cause of the injury.

Under the provision of Section 7051, Comp. Gen. Laws of Florida, the rule is established that the burden of proving the injury is on the plaintiff and the burden of showing absence of negligence is on the defendant. See S. A. L. Ry. v. Smith, 53 Fla. 375, 43 So. R. 235; A. C. L. Ry. Co. v. Watkins, 97 Fla. 350, 121 So. R. 95.

But the rule is also well established that in an action for damages for personal injuries against a railroad company under the issue of not guilty, while the presumption that the injury was inflicted through the negligence of the railroad company or its employees is raised by evidence showing that the injury was committed by the defendant, such presumption does not outweigh proof and ceases when the defendant makes it to appear that its agents exercised all ordinary care and diligence; that it is as much the duty of a person traveling upon the public highway who is about to cross a railroad track to use ordinary care and prudence to ascertain if a train is approaching upon the railroad track as it is the duty of the railroad company to cause

warnings by appropriate signals to be given of an approaching train operated by it to all persons who may be upon the public highway. See S. A. L. Ry. Co. v. Myrick, 91 Fla. 918, 109 So. R. 193; Western & Atlantic R. R. v. Henderson, 279 U. S. 639; 73 L. Ed. 884.

The evidence in the case strongly tends to establish not only the fact that the defendant corporation through its employees gave warning of the approach of the train but that its approach was actually apparent to any person in possession of his faculties of sight and hearing who was about to cross the track. The fact of the approaching train was obvious. The evidence fails to show any obstacle to the view of one approaching from the east.

By the exercise of reasonable prudence Mr. Covington could have seen the approaching train in time to have stopped his automobile which was under control. His failure to use such precaution would preclude the plaintiff from recovering for the injury sustained. See B. & O. R. R. Co. v. Goodman, 275 U. S. 66, 72 L. Ed. 167; Egley v. S. A. L. Ry. Co., 84 Fla. 147, 93 So. R. 170; S. A. L. Ry. Co. v. Tomberlin, 70 Fla. 435, 70 So. R. 437; Germak v. F. E. C. Ry. Co., 95 Fla. 991, 117 So. R. 391.

There was no error in granting the new trial so the order is hereby affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J.; AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.

BROWN, J. (concurring):

I do not think that the negligence of the father, the driver, of the car, was imputable to the young son, who, by next friend, was the plaintiff below. But the real question

was whether the injury to the plaintiff was caused by the concurring negligence of the defendant and the plaintiff's father, or was the negligence of the father the sole proximate cause of such injury. S. A. L. Ry. Co. v. Watson, 94 Fla. 203, 113 So. R. 716. The evidence so strongly preponderated to sustain the plea that the collision and injury was due solely to the negligence of the father that this Court would not be authorized to hold the lower court in error in granting the motion for new trial.