THOMAS C. LUSTER, *Plaintiff in Error,* v. GENEVA MILL COMPANY, a corporation, *Defendant in Error.*

135 So. 854.

En Banc.

Opinion filed July 7, 1931.

*S. K. Gillis*, for Plaintiff in Error.

No appearance for Defendant in Error.

Davis, Commissioner.—This proceeding grew out of a road-crossing accident. The plaintiff in error, whom we will refer to as the plaintiff, while riding in an automobile being driven by his wife was injured as a result of the automobile being struck by an engine pulling a log train.

The declaration contains two counts. In the first count it is alleged that the defendant

"on the fifth day of December, A. D. 1929, and for some months prior to the said date, was operating a railroad ***; that upon the said date the plaintiff was being driven in his automobile in the usual course of passage along the said public road at the said place where the said roads cross each other, and at the said time and

place the defendant carelessly and negligently propelled and ran its train consisting of a locomotive engine, cars and equipment against the said automobile with such great force and violence that the said automobile was ruined, the plaintiff wounded, bruised, broken and permanently injured'' etc.

The second count alleges that on said date and for some months prior thereto the defendant was operating a steam saw mill

"and in connection with the said business was operating a railroad in supplying the said saw mill with logs and marketing the products of the said sawmill."

In other respects, it is like the first count.

The defendant filed a plea of not guilty and also pleas of contributory negligence and upon the issues thus made, the case was tried. When the plaintiff rested his case, the defendant made a motion for a directed verdict in its favor. This motion was granted by the court and judgment was entered thereon.

The fourth and fifth assignments of error question the propriety of the court's ruling on the motion for a directed verdict and the judgment entered thereon.

It is thoroughly established here that in actions of this character against a railroad company, under our statute (Section 7051, Compiled General Laws of Florida, 1927) the burden of proving injury is on the plaintiff, and the burden of showing absence of negligence is on the defendant. Covington v. Seaboard Air Line R. Co., 99 Fla. 1102, 128 So. 426; Seaboard Air Line Ry. Co. vs. Smith, 53 Fla. 375, 43 So. 235; Atlantic Coast Line R. Co. v. Watkins, 97 Fla. 350, 121 So. 95; Germak v. Florida East Coast R. Co., 95 Fla. 991, 117 So. 391.

We have also held that a corporation or company engaged in the operation of a saw mill and operating as an incident to such business an ordinary log road or tram road for the purpose of transporting logs from the forest to the mills, is not a "railroad company" within the provisions of Sec-

tions 4964, 4965, and 4966, Revised General Statutes, 1920, Sections 7051, 7052, and 7053, Compiled General Laws of Florida, 1927.

Here, however, the train was not used solely for transporting logs to the mill of the defendant (appellee). While the defendant was engaged in the lumber business, there was undisputed evidence before the court that it also hauled freight for hire. In Grace v. Geneva Lumber Co., 71 Fla. 31, 34 So. 774, it was said

"If the defendant company was in fact doing the business of a railroad company the statute (Sections 7051, 7052 and 7053, Compiled General Laws of Florida, 1927) would apply, even though the name of the company and its primary business indicated that of a lumber or milling company."

In the light of the opinion in the last cited case and the evidence as shown by the record in this case, the defendant, at the time of the alleged injury was operating a railroad within the provisions of the statutes which we have referred to.

The evidence shows without conflict that the plaintiff sustained injury to his person and also to his property. No effort was made by the defendant to make it appear that its employees exercised all ordinary and reasonable care and diligence in the premises, and such care on its part is not otherwise shown in the transcript. There is, therefore, a presumption that the defendant's negligence was a contributing cause of the injury. Section 7051 (4964) Compiled General Laws of Florida, 1927.

A mere showing of negligence on the part of the plaintiff in an action against a railroad company for injuries to person or property does not preclude a recovery. The exercise of all ordinary and reasonable care and diligence on the part of the agents of the railroad company must also be shown or the plaintiff, where injury to himself or his property is shown, will be entitled to a verdict.

The court should not instruct a verdict for one of the

parties if there is substantial evidence before the jury sufficient to support a verdict for the opposite party. Bayshore Development Co. v. Bonfoey, 75 Fla. 455, 78 So. 507, L. R. A. 1918D 889; Wilson-Otwell & Cone v. Ritch, 93 Fla. 698, 112 So. 547.

The court erred in directing a verdict for the defendant.

If the court erred in making the ruling complained of in the remaining assignments of error, such error was harmless.

The judgment is reversed and the cause is remanded for a new trial.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged· by the court that the judgment of the court below be, and the same is hereby, reversed, and the cause is remanded for a new trial.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.