**ATLANTIC COAST LINE RAILROAD COMPANY, a corporation, v. ROY TIMMONS.**

36 So. (2nd) 430                                              June Term, 1948
July 30, 1948                                                     En Banc

*McCarthy, Lane & Howell,* for appellant.
*Evan T. Evans* and *B. K. Roberts,* for appellee.

TERRELL, J.:

Roy Timmons sued appellant to recover damages for personal injuries resulting from the collision of his truck with one of the streamlined passenger trains of appellant. Defendant filed a counter claim, alleging damages of the sum of $4407.82 to its train and tracks as a result of the collision. There was a plea of not guilty to both the declaration and the counter claim. The jury rejected the counter claim and returned a verdict of $800.00 for the plaintiff. Final judgment was entered on the verdict, a new trial was denied and the defendant appealed.

The collision took place at Raiford, a rural community, about eleven A. M., January 21, 1947, in clear day light where the right of way was one hundred feet wide and straight and devoid of obstructions to vision. The evidence shows that the train was moving fast and perhaps above the customary rate of speed. But the bell was ringing, the whistle was blowing constantly, the brakes were applied and all the precautions required of defendant were observed. Timmons was familiar with the crossing, passed over it every day and testified that he paid no attention as he approached it. A case might arise in which the speed testified to would be excessive, but under the circumstances here, we do not see that it was material.

There is no suggestion whatever that Timmons was not in possession of his normal faculties. It would be trite to assert that trains and trucks, good highways and good railroads are essential to the economy and well being of the country. If this be true, it necessarily follows that a responsibility

rests on those who operate them to take due care for the safety of life and property, either directly or remotely involved in the operation. There is no principle more deeply inbedded in our fundamental law than that of mutual concern for the rights, safety and privileges accorded those engaged as were the parties to this suit.

The record discloses that the operators of the train were exercising every precaution that society by law and common courtesy requires, while appellee exercised no precaution whatever for his safety. The railroad has a right to assume that one crossing its tracks will at least look to see if there is an approaching train, and if so, he will not plunge into its pathway. Appellee did not observe that precaution. From the time he entered the right of way, he had a clear unobstructed view for over 4000 feet in the direction of the train and had nothing to do but lift his eyes in that direction. If he had taken the slightest precaution to look or listen he could have avoided the accident.

The standard of prudence that one must observe in approaching a grade crossing is not uniform. Some jurisdictions require that one stop, look and listen, regardless of how clear the track is in either direction. Other courts require the traveler to look and listen, the duty to stop, depending on the circumstances revealed by looking and listening. Pokoka v. Wabash Ry. Co. 292 U.S. 98; Baltimore and Ohio R. Co. v. Goodman, 275 U. S. 66. We approve the latter rule in this State and when, as here, it is conclusively shown that the plaintiff did not look or listen, that there was no obstruction whatever to the vision, that the accident took place in a rural community where looking or listening would have avoided it, he is guilty of negligence which was the sole proximate cause of his injury and cannot recover.

The facts in this case are so different from those in the cases cited that neither of them can be said to rule this one. It is clear however, that appellee neglected to observe the most elementary duty imposed on him to preserve his safety. He was on notice that he was approaching a place of danger and must look out for the train, lest he suffer the conse-

quences. He failed in this, and in doing so, was the sole cause of the accident.

The judgment is therefore reversed.

Reversed.

THOMAS, C. J., SEBRING and BARNS, JJ., concur.

CHAPMAN and ADAMS, JJ., dissent.

HOBSON, J., not participating.