82 So.2d 597 (1955)
John W. MARTIN, as Trustee of the Property of Florida East Coast Railway Company, Appellant,
v.
Lena SUSSMAN, Appellee.
Supreme Court of Florida. Special Division A.
September 30, 1955.
Anderson, Scott, McCarthy & Preston, Dwight Sullivan, Miami, and Russell L. Frink, Jacksonville, for appellant.
*598 Nichols, Gaither, Green, Frates & Beckham and William S. Frates, Miami, for appellee.
ROBERTS, Justice.
This is an appeal by the defendant railroad company from an order of the lower court granting a new trial to the plaintiff, after a jury verdict in favor of the defendant, in plaintiff's suit to recover damages for the death of her daughter in a railroad crossing accident. The trial judge granted the new trial because, in his opinion, it was harmful error to charge the jury on the "last clear chance" and also because he thought the verdict was against the manifest weight of the evidence.
The charge on the "last clear chance" could not be harmful to plaintiff, so that this ground of the order granting a new trial cannot be sustained. (It should also be noted that, since Loftin v. Nolin, Fla. 1955, 86 So.2d 161, the doctrine of the "last clear chance" is no longer applicable in suits against a railroad company.)
On the question of whether the trial judge erred in holding that the verdict in favor of the defendant was against the manifest weight of the evidence, we think the defendant's contention that this was error must be sustained.
There was no dispute in the evidence. The only possible area of conflict was as to whether the engineer rang the bell and blew the whistle at the crossing. The negative testimony of disinterested witnesses that they didn't hear any signals cannot be said to create a genuine issue on this point, in view of their statements that they weren't listening and couldn't really say whether the whistle did or did not blow. Loftin v. Nolin, supra, 86 So.2d 161.
This was a case where the evidence showed without contradiction that the deceased drove, without stopping, onto the railroad track in front of the approaching train. The inference was permissible that, if the engineer had applied the emergency brake when he first saw the car in which deceased was riding, the accident might have been avoided. This does not fasten liability irrevocably on the defendant railroad company. Atlantic Coast Line R. Co. v. Timmons, 160 Fla. 754, 36 So.2d 430; Martin v. Rivers, Fla. 1954, 72 So.2d 789.
The trial judge also thought that the speed of the train (71 miles per hour) was unreasonable in view of the "meagerness" of the warning signs, which were a standard crossarm and a reflectorized sign. The accident happened at about 3:00 o'clock in the afternoon. Visibility was good. The deceased could have seen the signs, if she had been looking, and she could have seen the train as it was approaching. The jury had the right to find that she chose to ignore both. They also had the right to find that the train's speed of 71 miles per hour was not unreasonable, in view of the fact that the street upon which decedent was traveling intersected a main highway, running parallel to the railroad, just before it crossed the defendant's railroad track, and that the lawful speed on such highway at the intersection was 60 miles per hour.
While we have many times held that the trial judge should grant a new trial when the jury's verdict is against the manifest weight and probative force of the evidence, we think the rule has no application here. There was no real conflict in the evidence. All the jury had to do was evaluate the undisputed evidence in the light of what a "reasonable" man would have done, if he had been in the shoes of the defendant's employee. No procedural errors were committed. The only thing that would be accomplished by the re-trial of this cause would be a re-submission of the same undisputed facts to another jury for a re-evaluation of the evidence. "It is error to grant a new trial when the verdict set aside is supported by the testimony appearing in the record and nothing can be accomplished except to have another jury review the cause. See Seaver v. Stratton, 133 Fla. 183, 183 So. 335." Martin v. Stone, Fla. 1951, 51 So.2d 33, 35.
*599 For the reasons stated, the order granting a new trial should be and it is hereby
Reversed, with direction to enter judgment on the verdict.
DREW, C.J., TERRELL, J., and ALLEN, Associate Justice, concur.