## QUINONES v. MILLER.

Circuit Court, Dade County, Civil Appeal.

February 15, 1957.

Joseph A. Gassen, Miami, for appellant.

Kimbrell & Braswell, Miami, for appellee.

STANLEY MILLEDGE, Circuit Judge.

The plaintiff sued his employer on an employment contract. At the trial a jury returned a verdict for $1,854.80. A new trial was granted on various grounds—(1) the amount shocked the judicial conscience of the court, (2) the plaintiff's evidence failed to show by a means other than his own testimony, the value of the unskilled portion of the services for which he was suing, (3) the plaintiff's testimony was vague and uncertain as to the amount of time he had spent performing these services, (4) the expert witness as to the value of the plaintiff's services as a musician was not qualified since he has never heard the performances, the value of which he testified about, (5) there was no rational predicate by which the jury could have reached the verdict, and (6) the verdict was not in accord with the manifest weight and probative force of the evidence.

The evidence was conflicting but there was ample evidence to support the jury's verdict, not only in the amount found but for a larger sum.

There is no particular point in analyzing the rather bulky transcript of the testimony. Nor is there any point in citing authority for the proposition that the judge's disagreement with the verdict is not a basis for setting it aside. Martin v. Sussman (Fla.), 82 So. 2d 597; Seaver v. Stratton (Fla.), 183 So. 335; Hart v. Honce, 3 Fla. Supp. 71. I am not aware of a rule of law which requires that an expert witness must have observed the plaintiff's services before he is competent to testify as to their value. The same can be said concerning the plaintiff's giving his own valuation of his services. As a matter of fact, the jury can take notice, without proof of value, of these things of common knowledge. There were no procedural errors in this case. The trial was a fair one. A dispute of fact was resolved by a jury and that should end the matter.

The judgment appealed from is reversed with costs taxed against the appellee, with directions to enter a judgment for the plaintiff in accordance with the jury's verdict.