PEARSON, Judge.
Angel O. Ortiz, Filipe Albino Rodriguez and Gregoria Rivera sued John W. Martin, as Trustee of the property of the Flordia East Coast Railway Company. The three separate causes of action arose out of a railroad crossing collision between defendant’s train and an automobile in which plaintiffs Ortiz and Rodriguez were passengers and plaintiff Rivera’s son was driver. The passengers claimed damages for personal injuries and the dependent mother of the driver claimed damages under Sec. 768.01 et seq., Fla.Stat., F.S.A., for the wrongful death of her son. The cases were consolidated for trial and were argued as one appeal. This opinion will determine each appeal. The jury returned a verdict for each plaintiff. The appeals raise the question: is there any substantial evidence that would warrant verdicts for plaintiffs. The record examined in light of the briefs and oral arguments is found to contain such evidence.
The appellant urges that these appeals fall within the doctrine expressed by Supreme Court of Florida in Atlantic Coast Line R. Co. v. Timmons, 160 Fla. 754, 36 So.2d 430, 431. In that case the Court held:
“The standard of prudence that one must observe in approaching a grade crossing is not uniform. Some jurisdictions require that one stop, look and listen, regardless of how clear the track is in either direction. Other-courts require the traveler to look and listen, the duty to stop, depending on the circumstances revealed by looking and listening. Pokora v. Wabash R. Co., 292 U.S. 98, 54 S.Ct. 580, 78 L.Ed. 1149, 91 A.L.R. 1049; Baltimore and Ohio R. Co. v. Goodman, 275 U.S. 66, 48 S.Ct. 24, 12 L.Ed. 167, 56 A.L.R. 645. We approve the latter rule in this State and when,. *618 as here, it is conclusively shown that the plaintiff did not look or listen, that there was no obstruction whatever to the vision, that the accident took place in a rural community where looking or listening would have avoided it, he is guilty of negligence which was the sole proximate cause of his injury and cannot recover.”
It is not difficult to understand the logic of this principle. The difficulty comes in determining whether the evidence in a given case is so clear upon the elements set forth in the holding that the court and not the jury ought to settle their existence. Without a discussion of the evidence, it is sufficient to point out that we do not find' the various prerequisites to be conclusively shown. This accident occurred on a' seldom used spur track crossing. The many photographic exhibits show the curve of the tracks approaching the crossing and numerous pine trees and brush, which the jury may'have found obstructed the driver’s vision. In addition, there is serious conflict in the evidence as to whether the railroad train gave warning signals, and, if they' were given, when they were, given.
It is entirely possible that the defendant’s interpretation of the evidence and its conclusion as to how the accident happened is more probable than that which the jury adopted, but it is not so persuasive as to be exclusive of any other reasonably believable conclusion. Unless the conclusion that the defendant was not negligent follows as a matter of law from every reasonable view taken of the facts presented, a verdict for defendant ought not be directed. Gravette v. Turner, 77 Fla: 311, 81 So. 476.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.