REVELS, P. B., Associate Judge
(dissenting) .
It is my view that the cases should be determined upon the evidence adduced by the plaintiff and not upon the trial judge’s summation preliminary to the granting of the motions for directed verdict. The statutory presumption of negligence cast upon the railroad the burden of affirmatively showing that its train was operated with all ordinary and reasonable care and diligence, and when ordinary and reasonable care and diligence in the operation of the train has been shown by competent legal evidence, whether introduced by the plaintiff or the defendant, the presumption ceases to exist (Covington v. Seaboard Air Line Ry. Co., 99 Fla. 1102, 128 So. 426). Upon a motion for a directed verdict every reasonable intendment deducible from the evidence must be indulged in the plaintiff’s favor, and with that proposition of law in mind, I reviewed plaintiff’s testimony and proofs adduced at the trial of this cause and the plaintiff established that the decedents had visibility along the railroad track approximately 1,500 feet; that the engineer was sounding the whistle as required by law, no other warnings are required for this crossing, and it was obvious to every plaintiff’s witness that the train was approaching. Most of the witnesses heard the sounding of the whistle for a public highway crossing 1,500 feet north of the place of the collision, and all witnesses testifying as to the accident, heard the noise of the train and the sounding of the whistle for the crossing where the collision occurred, even a welder in the machine shop inside the soap factory heard the sounding *648 of the whistle of the approaching train. It appears from the plaintiff’s witnesses that this is a railroad crossing in open country, and sparsely settled, with visibility of approximately 1,500 feet and that the train was being operated in a normal way and at the usual rate of speed as is customary for that area, and from all the plaintiff’s evidence it appears that the operators of the train were exercising ordinary and reasonable care and diligence and were operating said train within every requirement of the law of the State of Florida. Covington v. Seaboard Air Line Ry. Co., 99 Fla. 1102, 128 So. 426, 428:
“The evidence in the case strongly ¡tends to establish not only the fact that the defendant corporation through its ■employees gave warning of the approach of the train, but that its approach was actually apparent to any person in possession of his faculties of sight and hearing who was about to cross the track. The fact of the approaching train was obvious. The evidence fails to show any obstacle to the view of one approaching from the east.
“By exercise of reasonable prudence Mr. Covington could have seen the ap- . proaching train in time to have stopped his automobile which was under control. His failure to use such precaution would preclude the plaintiff from recovering from the injury sustained.”
One of the plaintiff’s witnesses estimated the speed of the train at 70 miles per hour. The running of a train at that speed does not of itself constitute negligence. There is no statutory speed limit placed upon the operation of trains, and the speed of a train alone does not constitute negligence. This record shows that the speed of this train was not the proximate cause of this collision and had no part in creating the proximate cause. Egley v. Seaboard Air Line Ry. Co., 84 Fla. 147, 93 So. 170, 171:
“The evidence clearly shows that any one in possession of his sense of sight, who undertook to cross the railroad track at the point stated, could have, by the exercise of reasonable precaution, seen an approaching train from either direction for a great distance and in ample time to have stopped his automobile, traveling at a low rate of speed, and waited for the passing of the train. This reasonable precaution which under the circumstances should have been exercised by Mr. Egley, was not observed by him, and he drove upon the track of the railroad company in front of a train which, according to his witness, was approaching the crossing at a high rate of speed.”
Powell v. Gary, 146 Fla. 334, 200 So. 854, 855:
“The defendant’s testimony as to the .speed of the train was that it was running 60 miles per hour. One witness for plaintiff estimated it at 80 miles per hour. The whistling post was about 1,612 ft. south of the crossing. There was testimony for defendant to the effect that the whistle was blown when the train was a half mile from the crossing, and also again at the whistling post. * * *
“It appears from the evidence that the railroad company performed its duty of causing adequate warning signals to be given as the train approached the highway crossing. It also is apparent from the driver’s testimony that he failed to exercise ordinary care and prudence to ascertain whether or not a train was approaching before driving his truck upon the railroad track, and that he could have seen the train if he had looked. If the damage alleged was proximately caused solely by the negligence of the plaintiff or his agent driving the truck, there can be no recovery. The mere rapid speed of the train would not alter this well-settled rule of law.”
*649 On the other hand, there can be no question as to who caused the accident because it is obvious that the truck was driven at a snail’s pace upon a main line railroad track in front of an approaching locomotive which could have been seen approximately 1,500 feet away. The driver of the truck could have avoided this terrible tragedy if he had exercised the slightest degree of care in looking and listening, because he could have seen the approaching train and stopped his truck, which was traveling very slowly and under apparent control. The sole proximate cause of the collision was the failure of the driver to look and listen, and to stop the truck, as the law required him to do, for his own safety. Sec. 320.45, Fla.St.1957, F.S.A. Atlantic Coast Line R. Co. v. Timmons, 160 Fla. 754, 36 So.2d 430, 431:
“The record discloses that the operators of the train were exercising every precaution that society by law and common courtesy requires, while appellee exercised no precaution whatever for his safety. The railroad has a right to assume that one crossing its tracks will at least look to see if there is an approaching train, and if so, he will not plunge into its pathway. Ap-pellee did not observe that precaution. From the time he entered the right of way, he had a clear unobstructed view for over 4000 feet in the direction of the train and had nothing to do but lift his eyes in that direction. If he had taken the slightest precaution to look or listen he could have avoided the accident.”
I cannot agree that the trial judge invaded the province of the jury, because the plaintiff’s evidence affirmatively established that the operator of the train exercised ordinary and reasonable care and diligence and the evidence adduced in this case so conclusively and obviously established the negligence of the driver of the truck as being the sole proximate cause of the injuries sustained by the occupants of said truck, that to reverse this casé would be the equivalent of prohibiting and depriving the trial court the right and power of entering a directed verdict in favor of a railroad regardless of the facts. I do not believe that to be the law, and such authority has been well recognized and long established by many able decisions of the Supreme Court. The able Circuit Judge correctly ruled in directing a verdict for the defendant in each of the cases.