SMITH, D. R., Associate Tudge.
This appeal is by plaintiffs, appellants herein, from a jury verdict and final judgment entered thereon in favor of the plaintiffs and against the defendant, appellee herein.
The appellants contend the lower court committed error in two respects, namely:
1. That the court erred in instructing the jury over appellant’s objection, that the appellant, Marguerite C. Weeks, was under an absolute duty to look and listen when approaching the railroad crossing and that the duty to expect equipment on the tracks never relaxes.
*316 2. That the court erred in refusing to instruct the jury at appellants’ request that appellee’s failure to call a material witness under its control may give rise to a presumption that the witness’s testimony would have been unfavorable to appellee.
The record in this case and the facts, as disclosed by the record, fail to show any error of the lower court as claimed by appellants.
As for the first contention of the appellant, the instructions of the lower court fully and completely charged the jury on the law applicable to the facts in this case.
The plaintiff, in support of her first contention, relied primarily upon the case of Seaboard Air Line R. R. Co. v. Ebert, 102 Fla. 641, 138 So. 4. In that case a railroad employee changed a red “Stop” light to a green “Go” light; no flagman was at the crossing and no obstruction was within the crossing.
In the instant case the crossing was well known to the plaintiff; a flagman was within the bounds of the crossing and he was waving a red flag; a motor car was approaching, occupying and proceeding through the crossing at a slow rate of speed. The crossing was equipped with gates and signal lights, which were not in operation at the time of the accident.
The mere non-operation or the mere presence of automatic signals, including gates, at a railroad crossing cannot and should not under ordinary circumstances relieve a motorist of the duty and responsibility to use due care and to look and listen. The principles of law applicable under the circumstances as exist in this case are well stated in Atlantic Coast Line R. R. Co. v. Timmons, 160 Fla. 754, 36 So.2d 430; Atlantic Coast Line Railroad Company v. Walker, Fla.App., 113 So.2d 420; Bush v. Louisville & Nashville Railroad Company, 5 Cir., 1958, 260 F.2d 854.
The second contention of the plaintiff is without merit and is without authority in Florida. The weight of authority supports the general rule that the failure of a party to introduce an available witness does not give rise to any inference or presumption that the testimony of the witness, if he had been called, would have been unfavorable to such party, where other qualified witnesses have testified for the party concerning the same matters, and the testimony of the uncalled witnesses would have been merely cumulative or corroborative. 135 A.L.R. 1376.
In this case the defendant called one of its employees who was present at the time of the accident to testify as to circumstances immediately before, at the time of and immediately after the accident. The evidence indicates no reason for believing that any other employee of defendant present at the time of the accident would have had any additional information regarding the circumstances. In this case there were at least three or four employees of defendant present at time of accident. It might be assumed that fifty employees could have been present. It would be unreasonable to place the burden upon the defendant to call all available witnesses, subject to his control who saw the accident or any part of it, to testify so as to avoid the possibility of giving rise to the presumption or inference that the testimony of such witnesses, or any one of them, because of failure to call, would have been unfavorable to defendant.
The judgment of the lower court is affirmed.
CARROLL, DONALD, K., Chief Judge,, and WIGGINTON, J., concur.