HENDRY, Judge.
This is an appeal by the plaintiffs from a final judgment entered in favor of the defendants after the court had directed a verdict for the defendants at the conclusion of the plaintiffs’ case.
The plaintiffs are the administrator and dependents of Ivory Taylor, who was killed when struck by a train of defendant, Seaboard Air Line Railroad Co. which was being operated under the supervision of defendant, O. L. Steele. It was 10:30 in the morning on a clear day when Ivory Taylor met with this tragic accident. It occurred while he was walking across the railroad tracks which separated various operations of a lumber and building supply business of his employer, Lehman Lumber Co. The railroad tracks are straight at this point and run in an easterly and westerly direction across N.W. 19th Avenue which runs north and south. At this intersection the lumber company carried on its operations on all four corners. The only warning device consisted of a wooden cross-arm on either side of the tracks. However, Ivory Taylor was thoroughly familiar with the crossing as his work required him to cross the tracks many times during the course of a day.
*12 The undisputed facts are that Ivory Tay'lor never saw the train that killed .him until the moment of impact.
A fellow employee, sitting in a truck on the opposite side of the tracks, testified that he watched Taylor approach the tracks, saw the train coming, heard its whistle blowing and tried to warn Taylor by blowing his horn. He further stated that Taylor walked at a steady gait and never looked in the direction of the train.
The defendant, Steele, was called as a witness for the plaintiff. He testified that he was acting as fireman on the train. He confirmed that the train whistle was blowing and the bell was ringing. He stated that he saw the deceased walking from the lumber yard toward the tracks but had no reason to suspect that he would walk in front of the train. From his uncontradict-ed testimony it is apparent that the defendant-railroad exercised all the care and diligence that could be expected from it.
We have carefully reviewed the testimony introduced on behalf of the plaintiffs and conclude that there was insufficient evidence to support a jury verdict in their favor. Section 768.05, Fla.Stat., F.S.A., provides that a railroad company shall be liable for damages occasioned by it to persons and property unless it shall make it appear that their agents have exercised all ordinary and reasonable care and diligence. However, this showing can be made by the plaintiff’s own witnesses on their direct examination or by the railroad’s cross-examination of them.[1] The testimony of Steele accomplished this result and overcame this procedural presumption.
Further, our courts have on many occasions approved a directed verdict in favor of a railroad where it was clear that the plaintiff neglected to observe the most elementary duty of care imposed upon him to protect himself from an obvious hazard.[2] The evidence in this case leaves no doubt that Ivory Taylor would be alive today had he been in the least bit alert and had he merely looked to see if a train was coming. His failure to do so, when coupled with the testimony of Steele as to the care that was exercised by the railroad, supports the finding that Taylor’s death was caused solely by his own negligence. Thus, no recovery is allowable under § 768.06, Fla.Stat., F.S.A.
Several cross-assignments of error were filed by the defendants. In view of our holding, it is unnecessary for us to decide these points.
Accordingly, the final judgment appealed is affirmed.

. Atlantic Coast Line R. Co. v. Webb, 112 Fla. 449, 150 So. 741, 747.

. Martin v. Rivers, Fla.1954, 72 So.2d 789; Atlantic Coast Line R. R. v. Timmons, 160 Fla. 754, 36 So.2d 430, 431; Loftin v. McGregor, 152 Fla. 813, 14 So.2d 574; Roberts v. Powell, 137 Fla. 159, 187 So. 766; Florida East Coast Ry. v. Davis, 96 Fla. 171, 117 So. 842; Atlantic Coast Line R. R. v. Gornto, 89 Fla. 97, 103 So. 117.