LILES, Chief Judge.
Seaboard Coast Line Railroad, the defendant below, takes this appeal from a final judgment on a jury verdict of $65,000 entered against it. Charles L. Scudder, the appellee, instituted this action for recovery of damages for personal injuries received by him as the result of a motor vehicle-train collision in Tampa. Appellee’s theory was one of negligence on the part of the railroad, and appellant based its defense on contributory negligence.
In November 1966, on a cold but clear day, the appellee was injured when his automobile was struck by a train operated by appellant railroad. The motorist approached the crossing at a speed estimated at 30-35 miles per hour by one witness and at 40-45 miles per hour by the train engineer. The train whistle was blown before the train entered the crossing. Standard crossbuck signs provided the only protection or warning. There were no automatic signals. The view of the motorist approaching the tracks was obstructed by a tree, a barbecue establishment, and numerous circus flat cars standing on two sets of tracks. A city traffic engineer testified that East Buffalo Avenue, where the accident occurred, had been designated a major arterial road.
At the close of the appellee’s case, and again at the close of all the evidence, appellant moved for, but was denied, a directed verdict. The jury returned a verdict for the appellee and final judgment was entered. Appellant then filed a motion for *761 judgment in accordance with its motion for directed verdict, or in the alternative, for a new trial, but these too were denied. Appellant then instituted this appeal, asserting that the trial judge erred in not granting its motions for directed verdict since appellee was guilty of contributory negligence as a matter of law. We, however, do not agree with this contention, and, therefore, affirm.
In the case of Georgia Southern and Florida Railway Co. v. Seven-Up Bottling Co., Fla.1965, 175 So.2d 39, the Florida Supreme Court declared Florida Statutes § 768.06, F.S.A. (1965), the railroad comparative negligence statute, unconstitutional. Thus, in all negligence actions against railroads, the parties are hereafter to be governed by the common law; i. e., the doctrine of contributory negligence is now to be resurrected. Louisville and Nashville R. Co. v. Yniestra, 1886, 21 Fla. 700.
The law of contributory negligence is relatively clear. It is undeniable that contributory negligence is a complete defense and a bar to recovery for negligence. It is likewise undeniable that the existence of contributory negligence is a question for the jury when the facts upon which it rest are such that they might lead reasonable men to draw different conclusions. Bessett v. Hackett, Fla.1953, 66 So.2d 694; Hyde v. Davis & Marr Supply Co., Fla.App.1966, 183 So.2d 700; Plaks v. Florida East Coast R. Co., Fla.App.1965, 175 So.2d 216; Sinclair Refining Co. v. Butler, Fla.App.1965, 172 So.2d 499. Only when contributory negligence exists as a matter of law is the trial judge justified in removing the issue from the jury.
In the instant case, reasonable men could easily differ as to the existence of contributory negligence, especially in light of the evidence concerning the obstruction of the motorist’s view of the tracks. There was no contributory negligence as a matter of law. Consequently, the eminent trial judge was completely justified in allowing the jury to consider the question.
The appellant suggests one other point for review, but we consider it to be without merit. Finding the record to be free of error, we, therefore, affirm the decision of the trial court.
ALLEN and PIERCE, JJ., concur.