ON PETITION FOR REHEARING
OWEN, Judge.
On petition for rehearing this matter was reconsidered and although we deny the petition and adhere to our decision to affirm the judgment for defendants, we are persuaded to publish an opinion.
David Andrew Geiger, a minor, sustained personal injuries when he drove his automobile into the rear of defendants’ van type truck at night, while both vehicles were moving in a westerly direction on divided State Road 50 some six miles east of Orlando. David and his father brought suit which went to jury trial limited to the issue of liability. David did not attend the trial as a consequence of which the court, over plaintiffs’ objection instructed the jury as follows:
“The law provides that the unexplained failure of a party to appear and testify concerning facts peculiarly within his knowledge may give rise to an inference that, had he testified,- his testimony would have been unfavorable to his case.” (Emphasis added.)
It is a general rule that the failure of a party to appear or testify as to material facts within his knowledge creates an inference that he refrained from appearing or testifying because the truth, if made to appear, would not aid his contention. 31A C.J.S. Evidence § 156(4). This appears to be the clear weight of authority throughout the country.[1] There are apparently no cases from this jurisdiction dealing with the failure of a party to testify, although there are two cases which involve the issue of the failure of a party’s witness to testify.[2] Wigmore states that there is no reason to distinguish between a party and another witness in drawing an unfavorable inference from the failure to testify.[3] Appellants contend that our broad discovery rules requiring a party to submit to deposition, and permitting the adverse party the right to put such deposition in evidence, should be a distinguishing feature. We do not agree that this is a valid basis for applying a different standard to a party-witness from that applied to a non-party witness. Thus, as a purely abstract statement of law, the general rule would hold true in this jurisdiction.
The unfavorable inference which may be drawn from the failure of a party to testify is not warranted when there has been a sufficient explanation for such absence or failure to testify. Among other reasons which might be considered as sufficient explanation would be a showing that the party has no personal knowledge or memory of the facts in issue, or a showing that any testimony of such party would be purely cumulative of that already estab *899 lished by other competent evidence.[4] Appellants argue that the evidence sufficiently established David’s loss of memory, and also that even had he been able to testify, such would have to he cumulative.
David did testify on deposition that he had no memory of the collision nor of any events during a 24-hour period preceding the collision. However, plaintiffs were unsuccessful in placing this deposition into evidence and the defendants chose not to do so during their case in chief. The only evidence touching on David’s absence from the trial and his failure to testify was from his father and from his treating physician. His father explained that David was working in Dothan, Alabama and did not want to miss time from his work in order to attend the trial. His treating physician testified that the head injuries which David received in the accident were consistent with retrograde amnesia for a period of at least 24 hours prior to the accident, but the physician was not asked nor did he state an opinion as to whether David did, in fact, have such amnesia. Whether David’s testimony [had he recalled the events surrounding the collision] would have been merely cumulative of other competent evidence simply could not be shown; however, plaintiffs’ evidence did not include an eyewitness to the collision.
The instruction given by the court contained the clear qualification that it was only the unexplained failure to appear and testify which could give rise to the unfavorable inference. Consequently, the arguments which appellants have advanced here would be more properly addressed to the jury to convince it that David’s failure to attend the trial and testify was satisfactorily explained or justified. Since the instruction as given by the court was properly qualified by limiting it to those instances where the party’s failure to appear and testify is unexplained, we certainly will not hold the court in error in giving such an instruction. We are aware of the recommendation made by the Supreme Court committee on standard jury instructions that no charge be given on the related subject of failure to produce a witness, noting the committee’s comment that such inferences might be more properly the subject of counsel’s argument than the subject of the court’s instruction to the jury.[5] Presumably the committee’s recommendation was based on the thought that such instruction is unnecessary and although it might be, we expressly do not decide that point. By our prior per curiam affirmance we held by implication, and by this written opinion we now hold expressly that under the factual circumstances of this case, the giving of such instruction was not reversible error. The other points raised on the appeal have been found to be without merit sufficient to justify discussion.
There is another and equally compelling reason why the judgment in this case should be affirmed, although of less academic interest than the point discussed above. From our examination of the entire case we are of the opinion that, completely aside from the jury instruction which we have above discussed, there is a sound basis upon which the jury could have and most likely did find the minor plaintiff guilty of contributory negligence proximately causing the collision. Hence, without detracting from our holding in this case, any error in giving such instruction would have been harmless error within the contemplation of F.S.1967, Section 59.041, F.S.A.
We adhere to the judgment of affirmance heretofore entered.
CROSS, J., and ANDERSON, ALLEK C., Associate Judge, concur.

. See cases collected and cited in 31A C.J.S. Evidence § 156(4) and in Vol. 14, Seventh Dec. Digest, Evidence,

. Georgia Southern & Florida Ry. Co. v. Perry, 5 Cir. 1964, 326 F.2d 921; Weeks v. Atlantic Coast Line R. R. Co., Fla.App.1961, 132 So.2d 315.

.2 Wigmore on Evidence, § 289.

. 31A C.J.S. Evidence § 150(4).

. Florida Standard Jury Instructions 2.3.