PER CURIAM.
These cases have been consolidated for appellate purposes. Harty Mae Smith is here in her capacity as widow of her deceased husband, Frank Lurie Smith, and also in her capacity as administratrix of the estate of Frank L. Smith, deceased. The appellant, Berman Leasing Company, stood as plaintiff below in a law suit to recover for property damage to its tractor-trailer. The appellee, Hugh Price, individually, and Luby Leasing Company, were joint defendants below in both law suits.
These appeals arose on the following set of facts: (a) Frank L. Smith was the operator of a tractor-trailer owned by Ber-man Leasing Company, which was involved in an accident on August 25, 1966; (b) Smith was proceeding north on State Road 7 in the daytime. Ahead of him was the appellee, Price, who was driving a vehicle owned by the other appellee, Luby Leasing Company. Ahead of Price was Mrs. Natalie Vaughn, who is not a party to these proceedings. State Road 7 is a two lane, north-south highway, bordered on the west by farmland, and on the east by a north-south canal running parallel to the highway itself. State Road 808, the other highway involved here, is an east-west road which intersects State Road 7, coming in from the east and dead-ending at State Road 7, thereby creating a “T”-shaped intersection. A portion of the northbound lane, which is located about 100 yards south of and up to the intersection, is painted with a yellow line to the east of the black-white center line, thereby indicating a no-passing area for cars approaching the intersection with State Road 808. A similar yellow line also regulates southbound cars approaching from the north, (c) As Mrs. Vaughn approached the intersection, she slowed her car and signalled with her right turn blinker, indicating to the driver behind her, Hugh Price, that she was preparing to turn east onto State Road 808. According to her testimony, she then looked into her rear view mirror and saw a white car (the Luby-owned vehicle being driven by Price) directly behind her in the northbound lane, and also saw the tractor-trailer (owned by Berman Leasing Company, and being driven by deceased Frank Smith) “pulling out to pass” the white car. Mrs. Vaughn was apprehensive that an accident would occur, and continued to watch these vehicles in her mirror until just before they collided, at which time she had to turn her attention to making her right hand turn. The tractor-trailer continued driving in the southbound lane from the time she first saw it until just before the collision, with the front of the tractor-trailer located at a point which was “about around the rear of the — white car.” It appeared to her that the white car and the trailer were traveling at about the same speed. In order to make her sharp right turn, Mrs. Vaughn had to put on her brakes and "go around pretty slow.” At that time, the Luby-owned car pulled across the center line, and according to its driver, Price, missed the rear of Mrs. Vaughn’s car by about one foot, (d) The ensuing collision which occurred caused contact between the left rear of Price’s white car, and the right front of the tractor-trailer. The trailer spun out of control, crashed into the canal, and its driver, Frank Smith, was drowned.
The appellees moved for summary judgment in both cases, contending that first, no genuine issues of material fact existed and secondly, that, as a matter of law, Frank L. Smith (and therefore Berman Leasing Company) had been guilty of contributory negligence by virtue of driving *364 his vehicle in the wrong lane of a no-passing zone. The trial court agreed with the appellees’ contentions, and granted summary judgment in their favor. This appeal ensued.
The appellants strenuously argue that a genuine issue of fact, material and relevant to their cause of action, exists to-wit: whether Hugh Price had the last clear chance to avoid the collision with Frank L. Smith, notwithstanding Smith’s contributory negligence by virtue of driving in the wrong lane of a no-passing zone. As grounds for their contention,, the appellants have offered statements made by Mrs. Vaughn and Hugh Price which would tend to show the existence of warning blasts having been given by Smith on his trailer-tractor horn, and other details surrounding the factual allegations concerning the accident.
We have examined this line of reasoning in the light of our Supreme Court’s most recent expression concerning the area of last clear chance. In Perdue v. Copeland, Fla.1969, 220 So.2d 617, Justice Roberts set forth a thorough discussion of the history of the last clear chance doctrine, concluding the court’s holding in these words:
“This court has said many times that the last clear chance doctrine is not to be given indiscriminately in negligence cases. It is only when there is competent substantial evidence to support a finding of the circumstances requisite to the application of the rule that it should be given. The giving of the charge on last clear chance should be the exception and not the rule since, ordinarily, the case may and should be decided on the established principles of law relating to proximate cause, under appropriate instructions thereon from the court. It should never be given when, * * * the evidence shows without dispute that the plaintiff (or his decedent, in a wrongful death action) was guilty of negligence that continued up to the time of impact and was a substantial factor in the resulting collision.”
Under the aforementioned principle of law, the act of Frank L. Smith, i. e., driving his tractor-trailer on the wrong side of the highway in a no-passing zone, was such negligence which continued up to the time of impact, and substantially resulted in the collision, as to make the last clear chance doctrine inapplicable.
Therefore, we are of the opinion that the summary judgment being appealed was correct under the existing state of this area of tort law. That summary judgment is thereby affirmed.
Affirmed.