JOHNSON, Chief Judge.
This is an appeal by the plaintiff from a final summary judgment in favor of defendant in a wrongful death action brought as a result of an automobile-train collision.
Plaintiff-appellant now contends that the trial court judge erred in granting appel-lee’s motion for summary judgment because there were genuine issues of material fact which should have been submitted to a jury. With this contention, we cannot agree.
The answers to interrogatories, depositions, affidavits and exhibits on file show the following facts. On the morning of November 29, 1967, appellee’s train was traveling at about 79 m. p. h. about a mile north of the Waldo, Florida, station when it began to brake in preparation for a regular passenger stop in Waldo. The intersection at which the collision occurred had the traditional crossbuck sign and was located about 100 feet to the south of the Waldo station. A whistle board was located at a point approximately 1,500 feet north of the intersection.
The engineer of the train stated that he turned on the bell upon reaching the whistle board and that he blew the standard crossing horn continuously until he had passed the intersection. This was corroborated by testimony from the fireman of the train, and a woman whose home was located about 300 feet from the crossing stated that she had heard a train whistle blow. Another witness stated that while he heard the train brakes squealing and the sound of the impact, he did not hear a train whistle.
The fireman of the train, whose duty it was to keep a lookout, testified that his vision was not impaired by any weeds or brush around the crossing and that he did not see the decedent’s truck, which was just getting ready to come upon the track, until the train was 15 to 20 feet from the intersection. The engineer, who was also maintaining a lookout, stated that there were no weeds to obscure his vision of the crossing, but that he never saw the truck.
Photographs of the crossing, taken two days after the collision, were introduced into evidence by appellee and two of appellant’s witnesses indicated that the photographs fairly depicted the condition of the underbrush, weeds and trees at the time of the incident.
There was a conflict in the testimony as to the application of the train’s emergency brakes. The fireman stated that when he saw the truck, he yelled to the engineer, *520 but that the emergency brakes were not applied by either man. The engineer stated that he immediately applied the emergency brakes when the fireman yelled. The conductor of the train was of the opinion that the stop had been normal. All three of the above men estimated the speed of the train to be about 20 m. p..h. at the time of the collision.
With these facts in the record in the form of answers to interrogatories, depositions, affidavits and exhibits, appellant contends that summary judgment was improper because of the following factual issues : whether or not appellee maintained a proper lookout; whether or not appellee sounded the warning whistles when it approached the intersection; whether or not appellee maintained a safe crossing at the intersection; and whether or not appellee’s emergency brakes were ever applied.
It is well established in Florida that where the facts of an automobile-train collision case clearly indicate that the plaintiff’s own conduct was the sole proximate cause of his injuries, the railroad cannot be held liable therefor. Contributory negligence is a complete defense and a bar to recovery for negligence. Seaboard Coast Line R. Co. v. Scudder, 215 So.2d 760 (Fla.App.2nd, 1968); Adams v. Florida East Coast Railway Co., 179 So.2d 374 (Fla.App.3rd, 1965); Loftin v. Kubica, 68 So.2d 390 (Fla.1953). It is also settled that the existence of contributory negligence is a question for the jury when the facts upon which it rests are such that they might lead reasonable men to draw different conclusions. The trial judge is justified in removing the issue from the jury only when contributory negligence exists as a matter of law. Seaboard Coast Line R. Co., v. Scudder, supra. Hence, it becomes our duty to determine whether the materials on file required submission of this case to a jury and whether the trial judge erred in entering summary judgment in favor of appellee.
As stated above, appellant raises four issues which she alleges should have been submitted to a jury. The first is the issue of proper lookout. Appellant contends that appellee was negligent in failing to see what there was to be seen; to wit, decedent’s truck coming upon the track. The facts establish that appellee’s train was traveling within the speed limit and had given warnings of its approach. Hence, even if there were a failure to observe decedent, such failure could not be said to be the sole proximate cause of the accident, for it was as much the decedent’s duty to ascertain if a train was approaching as it was the duty of the railroad company to cause warnings by appropriate signals to be given of an approaching train. Covington v. Seaboard Air Line Ry. Co., 99 Fla. 1102, 128 So. 426 (1930); Knott v. Seaboard Air Line Railroad Co., 151 So.2d 11 (Fla.App.3rd, 1963).
This then brings us to the second issue of whether or not proper warnings were given. The trial judge had before him the testimony of two of the trainmen and a nearby resident that the whistles and horn were blowing. Appellant contends, however, that the issue should have been submitted to a jury because another resident testified that, while he heard a squeal and impact, he did not hear a train whistle. This latter testimony did not create an issue of fact for a jury. As stated in Seaboard Air Line Ry. Co. v. Myrick, 91 Fla. 918, 109 So. 193, 195, 196 (1926):
“ * * * When negative testimony is relied upon to contradict positive evidence, it should appear that the negative statements were made by persons whose attention was directed to the fact that they were looking, watching, and listening for the fact. Not only that the opportunity for observing the fact existed, but that their attention was directed to the fact. * * *
“A mere statement that T did not see or hear’ the train or the noise made by its approach as against affirmative evidence of credible witnesses that it did approach and made sufficient noise in doing so *521 reasonably to attract the attention of others cannot be said to create a conflict of evidence justifying a submission of the question to the jury.”
To the same effect is Loftin v. Kubica, supra. It is interesting to note that at one point in his testimony, this latter witness, when asked about the length of the train, stated, “Well, I don’t even notice — you live there twenty-one years, you don’t even notice any trains.”
As to the issue of whether appellee maintained a safe crossing where the collision occurred, the trial judge had before him numerous photographs which were fair and representative of the scene as it existed on the day of the accident and which show the intersection to be clear, unobstructed and containing the traditional crossbuck sign. It cannot be said that reasonable men might differ as to this fact.
Finally, appellant contends that the conflict in the testimony regarding the application of the train’s emergency brakes created a genuine issue of material fact for the jury. We do not agree. To begin with, the fireman of the train stated that he did not see the deceased’s truck until the train was 15 to 20 feet from the intersection. It is extremely doubtful that even had the emergency brakes been applied, the collision could have been avoided, or that the appellee’s employees could have extricated the deceased from the situation in which he had placed himself. Furthermore, as stated in Martin v. Rivers, 72 So.2d 789 (Fla.1954) “the fireman had the right, from the facts in the record here, to believe that the deceased was in possession of his faculties and normal senses, and that with all the signals of danger”, he would not place himself directly into the path of a moving train.
In summary, upon a careful examination of the record, it does not appear that the appellee railroad company was guilty of an act of negligence which proximately contributed to the accident, and it appears that the negligence of the deceased was the sole proximate cause of the accident. Even if it could be said that the appellee was guilty of negligence in some respect, the deceased’s own contributory negligence is a complete defense and bars appellant from recovering damages from appellee. Appellant must suffer the consequences of her failure to come forward with contradictory proof in opposition to appellee’s motion for summary judgment.
The summary judgment appealed herein is therefore affirmed.
WIGGINTON and RAWLS, JJ., concur.