RAWLS, Justice.
Defendant Railroad appeals from an adverse jury verdict awarding more than $25,000 in a personal injury case.
The injury in this case occurred as follows: On May 9, 1968, plaintiff, an 18 year old boy, was going to play basketball with some friends. He was attempting to cross two parallel railroad tracks which ran between a housing project and a school where the basketball courts were located. He succeeded in crossing the first track which was clear. However, a train was approaching on the second track traveling in a westerly direction. Plaintiff remained between the two tracks facing east toward the approaching train. He picked up some rocks and, as the train was passing by him, began throwing rocks into the open boxcars.
Another train approached on the second track heading east. The engineer of this train saw plaintiff between the tracks approximately 200 feet away and began blowing the train whistle. When plaintiff did not move, the engineer began ringing the bell and applying the emergency brakes but was unable to stop in time. Plaintiff apparently never saw the train which struck him from behind causing severe physical injuries and permanent brain damage.
Plaintiff has contended that the train which struck him was traveling at an excessive speed and that the engineer had failed to keep a proper lookout. He showed that the passing train was equipped with a two-way radio, was aware of his presence between the tracks, and could have communicated a warning to the other train in time. The Railroad’s primary defense, was that plaintiff was contributorily negligent as a matter of law and should be precluded from recovering. We agree.
Although we are in sympathy with plaintiff’s plight, we can arrive at no other conclusion from the facts in this case. In 1965 the Florida Supreme Court declared the “comparative negligence” statute (F.S. § 768.06, F.S.A.) unconstitutional because it imposed on railroad companies an unreasonable burden and deprived them of the equal protection of the law. Georgia Southern and Florida Ry. Co. v. Seven-Up Bottling Co., 175 So.2d 39 (Fla.1965). Since that time all negligence actions against railroads are governed by common law, and the doctrine of contributory negligence is applicable. Seaboard Coast Line Ry. Co. v. Scudder, 215 So.2d 760 (Fla.App.2d 1968). It has long been the law in this state that “There can be no recovery of damages resulting from injuries negligently inflicted on one person by another if the injured person, by his own negligence or by the negligence of another legally imputable to him, proximately contrib *53 uted to the injury.” 23 Fla.Jur., Negligence, § 71 (and cited cases).
The uncontroverted facts show that plaintiff stood between two parallel railroad tracks in broad daylight, turned his. back on the first track and proceeded to throw rocks at an approaching train on the second track. The inescapable conclusion is that plaintiff was contributorily negligent as a matter of law and the trial judge should have directed a verdict for the defendant.
Reversed.
CARROLL, DONALD K., Acting C. J., and MELVIN, WOODROW M., Associate Judge, concur.