PEARSON, Judge.
The plaintiffs appeal the entry of an adverse final judgment after a jury verdict was reported for the defendant. The controlling question is whether the trial court properly denied appellants’ request for the standard jury instruction on last clear chance. We hold that the instruction should have been given.' The denial of the instruction upon the facts of this case is reversible error. The instruction was properly requested and its denial was made a basis for appellants’ motion for a new trial. We reverse and remand for a new trial. The individual appellee, Eugenio Salvador Rodriguez, has died and by stipulation of the parties the appellee, Travelers Insurance Company, is substituted as ap-pellee.
The facts relative to defendant-appellee’s possible negligence, viewed in the light of what the jury could have believed from the testimony, are as follows. The minor plaintiff was eleven years old at the time of his injury. Defendant was an ice cream vendor who regularly stopped for sales to school children in a lot near plaintiff’s school. The children at this lot had thus exposed themselves to injury on many previous occasions. On the day of the injury when defendant started to leave, several children climbed on the rear bumper *9 to ride the truck. Defendant had attemped to scare them off.
After getting the truck in motion on the sandy lot, the appellee made a sudden forward movement in order to dislodge the riders. All of the children except the minor plaintiff fell or jumped off before the truck reached the street. After the truck reached the street it increased its speed greatly. Plaintiff, realizing his peril, began to yell and beat on the rear door of the truck. Plaintiff’s action continued until he fell off and was injured.
The initial question is whether the jury could reasonably have determined that the defendant-driver knew or should have known of the minor plaintiff’s perilous position. From the testimony, the jury could have found that the defendant knew that children were on the truck before it left the lot. In fact, he did riot know that they all got off. A regard for the safety of the children required caution in this situation. The jury could have found that defendant should have proceeded more slowly, or should have checked visually or by listening for the possibility of a child remaining on the truck. We think that the jury could have reasonably found that the defendant knew or should have known that the minor plaintiff was still on the truck when the defendant greatly increased the speed of the truck after reaching the street.
Appellee suggests that the instruction on last clear chance was properly refused because the negligence of the plaintiff continued to the time of his injury. See Berman Leasing Company v. Price, Fla.App.1969, 223 So.2d 362. In discussing the law applicable to a situation legally similar to the present one, the Second District Court of Appeal stated in Connolly v. Steakley, Fla.App.1964, 165 So.2d 784:
******
“A plaintiff may not invoke the doctrine unless his own negligence has placed him in a dangerous situation. If, then, the defendant actually sees the plaintiff’s dangerous situation and should appreciate the plaintiff’s danger, the plaintiff may invoke the doctrine even if the plaintiff’s negligence continues, and concurs with the negligence of the defendant up to the very instant of the injury. But if, instead of actually seeing the plaintiff’s dangerous situation, the defendant merely could have seen it and appreciated it, had the defendant used due care, the plaintiff can invoke the doctrine only if the plaintiff’s negligence terminated, or culminated in a situation of peril from, which the exercise of due care on the plaintiffs part would not thereafter extricate him, and the defendant thereafter could have avoided injuring the plaintiff by exercising reasonable care, but failed to do so.” (Emphasis' supplied)
******
We conclude that the evidence before the trial court contains all of the elements upon which the jury could have applied the doctrine of last clear chance if the jury had found the facts to be true. Therefore, the trial judge should have given the instruction and his failure to do so constituted, in this case, reversible error.
Reversed and remanded for a new trial.