PER CURIAM.[1]
In this particular railroad crossing accident case wherein Mrs. Brewer sued the Apalachicola Northern Railroad Company for the death of her pedestrian husband who walked upon the railroad track of the company in front of an approaching train at a grade crossing and was thereby killed, the record shows that while a jury could find the railroad guilty of negligence[2] in affording an inadequate warning by horn or bell of the approach of the train, “it is conclusively shown that the plaintiff did not look . . . that there was no obstruction whatever to the vision, that the accident took place in a rural community where looking . . . would have avoided it”, Atlantic Coast Line R. Co. v. Timmons, 160 Fla. 754, 36 So.2d 430, 431 (1948); Knott v. Seaboard Air Line Railroad Co., 151 So.2d 11, 12 (3 Fla.App.3rd 1963) ; that Mrs. Brewer is consequently precluded from relying upon the doctrine of the last clear chance as explained by such cases as Perdue v. Copeland, 220 So.2d 617, 620 (Fla.1969), (remarking that the doctrine is of no avail “when the evidence shows without dispute that the plaintiff [or his decedent, in a wrongful death action] was guilty of negligence that continued up to the time of impact and was a substantial factor in the resulting collision”), Berman Leasing Co. v. Price, 223 So.2d 362, 364 (Fla.App.3rd 1969); McBee v. Cain, 240 So.2d 178 (Fla.App.4th 1970); Merchants’ Transp. Co. v. Daniel, 109 Fla. 496, 149 So. 401, 404, 405 (1933), and Parker v. Perfection Cooperative Dairies, 102 So.2d 645, 646 *653 (Fla.App.2nd 1958) ; and that, therefore, the defendant railroad company’s instant final summary judgment obtained in the trial court should be, and is,
Affirmed.
RAWLS, C. J., and BOYER and JOHNSON, JJ., concur.

. This opinion was authored by Charles Cook Howell, Jr., Associate Judge, prior to his resignation from the Bench. It is now adopted as a per curiam opinion by the members of this panel.

. Writes Mrs. Brewer’s counsel in his brief: “ . . . for purposes of this appeal, Appellant’s brief is directed to pre-Jones law.” (Hoffman v. Jones, 280 So.2d 431 [Fla.1973]).