548 So.2d 1116 (1989)
Edith J. WILCOX, Etc., Plaintiff-Appellant,
v.
William Rene LEVEROCK, et al., Defendants-Appellees.
No. 73207.
Supreme Court of Florida.
September 21, 1989.
James A. Hightower, Charles J. Kahn, Jr. and Robert M. Loehr of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for plaintiff-appellant.
Glenn Waddell of Waddell & Ready, P.A., Auburndale, for defendants-appellees.
GRIMES, Justice.
Pursuant to section 25.031, Florida Statutes (1987), and Florida Rule of Appellate Procedure 9.150, the United States Court of Appeals for the Eleventh Circuit has certified to this Court a question involving an interpretation of the Florida Wrongful Death Act. We have jurisdiction. Art. V, § 3(b)(6), Fla. Const.
The facts which precipitated the question are set forth in the opinion of the court of appeals:
This suit was brought by Edith Wilcox, as personal representative of decedent, Carrie Maude Jordan, for the death of Jordan in an automobile accident involving a collision between her vehicle and a vehicle owned by appellee, Commercial Carrier Corp., (hereinafter "Commercial"), and operated by appellee William Rene Leverock (hereinafter "Leverock"). Under the Florida Wrongful Death Act, the estate of decedent Jordan was the decedent's only survivor. Wilcox brought this action against Commercial *1117 and Leverock, alleging the accident in which the decedent died was caused by the negligence of Leverock and Commercial. As an element of damages in this action, the appellant sought to recover the estate's loss of net accumulations. The net accumulations claim was for the income generated by two trusts left to Jordan by the wills of each of her parents. At the time of her death, the decedent's only source of income was the net income from these two trusts. By the terms of the trusts, the decedent was entitled to receive the net income from these trusts for the remainder of her life. Upon the death of the decedent, the right to receive the income from one of the trusts passed to Edith Wilcox. Under the other trust, upon the death of the decedent, the right to receive the income devolved to Edith Wilcox's daughter, Susan Wilcox.
Both sides moved for summary judgment on the net accumulations claim. Appellees contended that Wilcox was not entitled to recover the estate's loss of net accumulations because the estate's only source of income was from the two aforementioned passive trusts. Appellees contended that the definition of "net accumulations" contained in section 768.18(5), Fla. Stat. (1983) excluded income derived from such trusts, because the income was not generated by the skill or effort of the decedent. The district court granted appellee's motion for summary judgment on net accumulations and denied appellant's motion for summary judgment on that issue. Final judgment was entered on the parties' stipulation. This appeal followed.
Wilcox v. Leverock, No. 88-3248, slip op. at 3-4 (11th Cir. Oct. 17, 1988).
The certified question reads:
Whether the executrix of an estate is entitled to recover the loss of income received from a trust, pursuant to the definition of "net accumulations" contained in section 768.118(5), Fla. Stat. (1983), when said income has not resulted from the skill or effort of the decedent.
Id. at 5.
Under section 768.21(6)(a), Florida Statutes (1983), the personal representative in this suit was entitled to claim the "[l]oss of the prospective net accumulations ... which might reasonably have been expected but for the wrongful death, reduced to present money value." Net accumulations are defined in section 768.18(5) as follows:
(5) "Net accumulations" means the part of the decedent's expected net business or salary income, including pension benefits, that the decedent probably would have retained as savings and left as part of his estate if he had lived his normal life expectancy. "Net business or salary income" is the part of the decedent's probable gross income after taxes, excluding income from investments continuing beyond death, that remains after deducting the decedent's personal expenses and support of survivors, excluding contributions in kind.
The personal representative argues that by excluding from "probable gross income after taxes" only "income from investments continuing beyond death," the legislature did not intend to limit net accumulations to amounts of income earned by the skill or effort of the decedent. She further points out that gross income as defined by the Internal Revenue Code includes income from an interest in a trust. Appellees respond that the statute reflects an intent to limit the recovery of net accumulations to those investments depending upon the skill or effort of the decedent and point out that the act makes no reference to the Internal Revenue Code.
The words "net accumulations" first appeared as part of the comprehensive revision of the Wrongful Death Act accomplished in 1972. The 1972 revision to the act was largely the product of the Florida Law Revision Commission (FLRC). In analyzing the damages recoverable by a decedent's estate under current law, the FLRC report stated:
The most popular theory of loss to estate measurement is that monetary damages should represent the present value of decedent's probable future net earnings. This figure is found by determining *1118 the probable future gross earnings of the decedent over his life expectancy and deducting therefrom his probable personal living expenses. The figure is then discounted to present value.
Another theory of recovery to the estate subscribed to by several states is to measure damages by the present value of decedent's probable future accumulations. This is the Florida position when there is no survivor in the three prior classes. Like the probable "net income" theory, this method of measurement relies solely on probable business income without regard to possible investment income. The future accumulations theory, however, requires that the jury determine the amount of decedent's net earnings he would have saved and left at his death as part of his estate. Though it is indeed a fine line which separates the "net earning" theory from the "future accumulations" theory, the latter seems more equitable since the jury must not only evaluate the decedent's propensity to earn but also his propensity to save. In Florida, the jury is allowed to consider the habits, skill, age, and health of the decedent in determining his probable accumulations. This approach is probably more difficult to apply, however, since the jury must objectively evaluate the subjective personality traits of the decedent.
Florida Law Revision Commission, Report on Proposed Revision of Florida Wrongful Death and Survival Statutes at 30-31 (included in Volume 2 of Record on Appeal in Wilcox v. Leverock, No. 88-3248 (11th Cir. Oct. 17, 1988)) (footnotes omitted). As part of recommendations for revision, the FLRC report stated:
Although the act should contain an expanded "loss to survivors" theory of damages, a limited recovery should be allowed the estate for losses heretofore allowed under the survival statute, and lost accumulations should be recoverable to the estate under certain defined circumstances.
Id. at 44. The FLRC went on to recommend a definition of net accumulations which was adopted by the legislature with only minor revisions, and the statutory definition has remained unchanged.
With reference to net accumulations, it appears that the emphasis of the FLRC report was upon a decedent's propensity to earn and his subjective personality traits. By excluding investment income, it is evident that passive income which continues to accrue regardless of the skill or efforts of the decedent is not to be included. While the income from the trusts involved in this case did not derive from investments made by Ms. Jordan herself, the statute does not require that the investments be those of the decedent. However it is characterized, the trust income is undeniably passive income. As such, we believe that it is the constructive equivalent of investment income which is excluded from the term "net accumulations."
The obvious purpose of allowing a personal representative to recover net accumulations is to preserve what has been lost by the decedent's untimely death. Monies which would have accumulated as a result of the skill or efforts of the decedent are irretrievably lost upon death and are properly recoverable by the estate. On the other hand, the income derived from the trusts in this case is no different than income received from a certificate of deposit purchased by Ms. Jordan before her death. In either instance, the income continues beyond the decedent's death.
We note that in this case when Ms. Jordan died, the right to receive the income from one of the trusts passed to Edith Wilcox and the right to receive the income from the other trust passed to Edith Wilcox's daughter. Ms. Wilcox and her daughter are also the persons who will ultimately receive the proceeds of Ms. Jordan's estate. Thus, under the personal representative's interpretation of net accumulations, this would result in a double recovery. We do not suggest that these facts should control the interpretation of the statute, and we recognize that there could be circumstances where the residuals of the trusts might pass to persons unrelated to the decedent's estate. In either event, *1119 however, the income from the trusts continues to accrue even though the decedent has died.
We answer the certified question in the negative and return the record to the United States Court of Appeals for the Eleventh Circuit.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.