ON REHEARING CLARIFIED
NESBITT, Judge.
Synergy Gas Corporation appeals the trial court’s orders denying its motions for remit-titur, new trial, and judgment notwithstanding the jury verdict on a wrongful death claim brought on behalf of the estate of Lend Grant and on behalf of Leon Grant, the decedent’s sole surviving son. Lend Grant and his wife Charlotte died as the result of a gas explosion in their home. Thereafter, Idella Johnson, as personal representative of Lend’s estate, and as guardian and natural mother of Leon Grant, brought a wrongful death action against Charles Bryan, the owner of the home where the explosion occurred, and Synergy, the supplier of the liquid petroleum gas which allegedly caused the explosion. After a trial, the jury returned a verdict finding Bryan and Synergy each 50% responsible for the accident. It awarded $407,200 for loss of net accumulations to the estate, and $188,560.11 to the estate for medical and funeral expenses. Leon was awarded $100,000 for loss of support and services and $250,000 for loss of parental companionship, instruction, guidance, and for mental pain and suffering.
After examining the record, we conclude that the jury verdict in favor of the plaintiff was supported by the evidence presented, and the damages awarded both to the estate for medical and funeral expenses and to Leon Grant were reasonable. We also conclude, however, that the record does not support the amount awarded to the estate for loss of net accumulations.
Lend Grant had been employed as a truck driver for a septic tank company for three years prior to his death, with a starting salary of $14,723, and a salary of $19,989 at the time of his death. The economic expert for the estate testified that Grant had 26 more years of working life expectancy and that he would have saved 6% of his personal income per year. Using charts and diagrams and a variety of complex calculations, he estimated the discounted present value of the estate at $545,000. The expert admitted on cross-examination that he did not know what Grant’s personal saving habits were, nor did *541 he know whether he had saved anything prior to his death.
We are aware of the line of cases which opine that a “court should never declare a verdict excessive merely because it is above the amount which the court itself considers the jury should have allowed.” Bould v. Touchette, 349 So.2d 1181, 1184 (Fla.1977). However, when an award “is so excessive as to indicate that the jury was influenced by passion, prejudice, corruption, or other improper motive,” a court may substitute its judgment for that of a jury’s. Upton v. Hutchinson, 46 So.2d 20, 21 (Fla.1950). From the evidence presented, there is no indication that Grant, earning approximately $20,000 per year at the age of 39, would have in excess of $400,000 in savings by the time he reached age 65. The expert assumed Grant would save 6% of his income per year for the next 26 years, but no evidence was presented of his propensity to save or even whether he had saved anything at all at the time of his death. Clearly, the jury imper-missibly based its award of net accumulations on “passion, prejudice, corruption, or other improper motive.” Id.; see also Wilcox v. Leverock, 548 So.2d 1116, 1118 (Fla.1989) (with respect to net accumulations, emphasis is placed on a decedent’s propensity to earn and his subjective personality traits). For this reason, we reverse the trial court’s order denying Synergy a new trial as to the net accumulations claim.
The appellee argues that our determination of the net accumulations award is moot because, post-judgment, appellee and the non-appealing codefendant Charles Bryan entered into a settlement for the aggregate sum of $500,000 which specifically allocated the first proceeds therefrom to satisfy the net accumulations award. We disagree. A nonparty cannot enter into an agreement to effect the power of this court to adjudicate the substantive right of an appealing party especially, as here, where the appealing party did not participate in the agreement. Any right of setoff or contribution which arises from this agreement may yet be enforced in the trial court.
For the foregoing reasons, the order denying Synergy’s motion for new trial as to net accumulations is reversed. In all other respects, the orders and judgment under review are affirmed.
Affirmed in part and reversed in part with directions.