# Supreme Court of Florida

_____

No. SC17-514
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CIVIL CASES—REPORT
NO. 17-02.**

[November 2, 2017]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Civil Cases

(Committee) has submitted proposed changes to the standard jury instructions and

asks that the Court authorize the amended standard instructions for publication and

use.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

The Committee filed its report proposing to amend civil jury instructions

502.2 (Wrongful Death Damages: Elements for Estate and Survivors), and 601.2

(Believability of Witnesses).  The Committee published its proposals in The

Florida Bar News.  No comments were received pertaining to the proposal to

amend instruction 502.2, while three comments were received pertaining to the

proposal to amend instruction 601.2.  Upon consideration of these comments, the

Committee did not revise its proposed amendments, and the Court did not publish the Committee's proposals.

Because subparagraphs (d) (Damages of surviving spouse), (e) (Damages by surviving child), and (f) (Damages by surviving parent of child) of instruction 502.2 do not precisely explain that survivors' pain and suffering damages are to be measured from the date of the decedent's injury, instruction 502.2 is amended to add the language "[from the date of the injury]" to the above-identified subparagraphs to clarify when survivors' pain and suffering damages should be measured.

The proposal to amend instruction 601.2 derives from criminal instruction 3.9 (Weighing the Evidence), which explains that it is proper for a lawyer to talk to a witness about what testimony the witness would give if called to testify. Civil instruction 601.2 is amended to provide that "[It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited just because the witness talked with a lawyer about [his] [her] testimony.]" In addition, the Committee added a new Note on Use for 601.2, which states that "*Witness talked to lawyer.* This may be given if requested as either a substantive or a curative instruction whenever there is testimony that a witness spoke to or met with an attorney for one of the

parties.  This instruction is not meant to prohibit or limit argument by counsel of the general considerations set forth in 601.2a."

Having considered the Committee's report, the comments submitted in response, and the Committee's reply thereto, we authorize the Committee's proposals for publication and use as set forth in the appendix to this opinion.  New language is indicated by underlining.  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Civil Cases

Rebecca Mercier Vargas, Chair, Supreme Court Committee on Standard Jury

Instructions in Civil Cases, West Palm Beach, Florida; and Laura K. Whitmore, Vice Chair and Subcommittee Chair, Filing Subcommittee of the Supreme Court Committee on Standard Jury Instructions in Civil Cases, Tampa, Florida,

for Petitioner

# APPENDIX

## 502.2  WRONGFUL DEATH DAMAGES: ELEMENTS
## FOR ESTATE AND SURVIVORS

### *ELEMENTS FOR ESTATE:*

**In determining the damages recoverable on behalf of** (decedent's) **estate, you shall consider the following elements:**

*a.     Lost earnings:*

**The estate's loss of earnings of** (decedent) **from the date of injury to the date of death, [less any amount of monetary support you determine a survivor lost during that period].**

*b.     Lost accumulations:*

**The estate's loss of net accumulations: "Net accumulations" is the part of** (decedent's) **net income [from salary or business] after taxes, including pension benefits [but excluding income from investments continuing beyond death], which** (decedent)**, after paying [his] [her] personal expenses and monies for the support of [his] [her] survivors, would have left as part of [his] [her] estate if [he] [she] had lived [his] [her] normal life expectancy.**

### NOTE ON USE FOR 502.2b

The estate may recover lost accumulations when the sole survivor is a parent without a cause of action in his or her own right, as well as when survivors include a spouse or lineal descendant. *F.S.* 768.21(6)(a) (1985); *Vildibill v. Johnson*, 492 So. 2d 1047 (Fla. 1986). The committee expresses no opinion concerning whether "net accumulations" include income ending at death which is not derived from salary or business. See *F.S.* 768.18(5) (1985); *Delta Airlines, Inc. v. Ageloff*, 552 So. 2d 1089 (Fla. 1989); *Wilcox v. Leverock*, 548 So. 2d 1116 (Fla. 1989).

*c.     Medical or funeral expenses:*

**Medical or funeral expenses due to** (decedent's) **injury or death which [have become a charge against** (decedent's) **estate] [were paid by or on behalf of** (decedent) **by one other than a survivor].**

*ELEMENTS FOR SURVIVING SPOUSE,*
*CHILD, OR PARENTS OF CHILD:*

**In determining any damages to be awarded** (decedent's) **personal representative for the benefit of** (decedent's) **surviving [spouse] [children] [or] [parents], you shall consider certain additional elements of damage for which there is no exact standard for fixing the compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the following elements:**

d.      *Damages of surviving spouse:*

**The [**(wife's) (husband's)**] loss of** (decedent's) **companionship and protection, and [her] [his] mental pain and suffering as a result of** (decedent's) **injury and death [from the date of injury]. In determining the duration of the losses, you may consider the [joint life expectancy of** (decedent) **and** (surviving spouse)**] [life expectancy of** (surviving spouse)**] together with the other evidence in the case.**

NOTES ON USE FOR 502.2d

1.      *F.S.* 768.18 and 768.21 (1990), applicable to causes of action accruing after October 1, 1990, expand eligible survivor claimants in wrongful death actions by surviving parents and children, but are not applicable to claims for medical malpractice as defined by *F.S.* 766.106(1) (1989).

2.      This instruction is intended to allow a jury determination, if warranted by the evidence, that the surviving spouse's loss will continue beyond the "joint life expectancy" until the survivor's death, or will end before that actuarial period has elapsed.

e.      *Damages by surviving child:*

**The loss by** (name all eligible children) **of parental companionship, instruction and guidance, and [his] [her] [their] mental pain and suffering as a result of** (decedent's) **injury and death [from the date of injury]. In determining the duration of those losses, you may consider the [joint life expectancy of** (decedent) **and** (surviving child) **[each of** (surviving children)**]] [life expectancy of** (surviving children) **[each of the surviving children]] together with the other evidence in the case.**

*f.*     *Damages by surviving parent of child:*

**The mental pain and suffering of** (parents) **as a result of the injury and death of** (child) **[from the date of injury]. In determining the duration of mental pain and suffering, you may consider the life [expectancy] [expectancies] of** (surviving parent(s)) **together with the other evidence in the case.**

*ELEMENTS FOR SURVIVORS, INCLUDING SURVIVING SPOUSE, CHILD, OR PARENTS OF CHILD:*

**In determining any damages to be awarded** (decedent's) **personal representative for the benefit of [each of]** (decedent's) **survivor[s]\*** (name them all)**, you shall consider the following elements:**

> *\*Further instructions may be required if there is a factual question of whether a person is a "survivor" within the meaning of F.S. 768.18(1).*

*g.*     *Lost support and services:*

**The [survivor's] [survivors',** (name them all)]**, loss, by reason of** (decedent's) **injury and death, of** (decedent's) **support and services [including interest at** (legal rate) **on any amount awarded for such loss from the date of injury to the date of death]. In determining the duration of any future loss, you may consider the joint life expectancy of the survivor(s) and** (decedent) **[and the period of minority, ending at age 25, of a healthy minor child].**

**In evaluating past and future loss of support and services, you shall consider the survivor's relationship to** (decedent)**, the amount of** (decedent's) **probable net income available for distribution to the survivor and the replacement value of** (decedent's) **services to the survivor(s). ["Support" includes contributions in kind as well as sums of money. "Services" means tasks regularly performed by** (decedent) **for a survivor that will be a necessary expense to the survivor because of** (decedent's) **death.]\***

> *\*The bracketed material should be given only when warranted by the evidence and requested by a party.*

NOTES ON USE FOR 502.2g

1.     *Period of minority.* The period of minority for purposes of the wrongful death act is age 25. *F.S.* 768.18(2). The bracketed reference to the period of minority, in the first paragraph, should not be given if the minor survivor's dependency will continue beyond that age because the child is not "healthy," or if the decedent was a minor on whose support or services the claimant survivor would remain dependent beyond that time.

2.     *Support and services specially defined.* The special definitions of these terms bracketed in the second paragraph should be given only when warranted by the evidence and requested by a party.

h.     *Medical and funeral expenses paid by survivor:*

**[Medical] [or] [funeral] expenses due to** (decedent's) **[injury] [or] [death] paid by any survivor.**

# 601.2  BELIEVABILITY OF WITNESSES

a.     *General considerations:*

**Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.**

b.     *Expert witnesses:*

**[You have heard opinion testimony [on certain technical subjects] from [a person] [persons] referred to as [an] expert witness[es].] [Some of the testimony before you was in the form of opinions about certain technical subjects.]**

**You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.**

*c.      Witness talked to lawyer:*

**[It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited just because the witness talked with a lawyer about [his] [her] testimony.]**

NOTES ON USE FOR 601.2

1.      *Expert witness.* See *F.S.* 90.702 (1985), and *Shaw v. Puleo*, 159 So. 2d 641 (Fla. 1964). The court will select one or the other introductory sentence in keeping with the court's practice and preference in announcing before the jury, or acceding to counsel's characterization, that a tendered witness is an "expert."

2.      *Common knowledge and everyday experience.* Except to the extent indicated in instruction 601.2, the committee recommends that the jury not be instructed that the jurors may bring to bear their "common knowledge and everyday experience."

3.      *Failure to produce witness.* The committee recommends that no instruction be given. While it may be permissible in some circumstances to instruct the jury regarding inferences arising from a party's failure to produce a witness (compare *Weeks v. Atlantic Coast Line Railroad Co.*, 132 So. 2d 315 (Fla. 1st DCA 1961), with *Georgia Southern & Florida Railway Co. v. Perry*, 326 F. 2d 921 (5th Cir. 1964)), the committee believes that generally such inferences are more properly referred to in counsel's argument.

4.      *Witness talked to lawyer.* This may be given if requested as either a substantive or a curative instruction whenever there is testimony that a witness spoke to or met with an attorney for one of the parties. This instruction is not meant to prohibit or limit argument by counsel of the general considerations set forth in 601.2a.